591 So.2d 1248 (1991)
STATE of Louisiana
v.
Edward COOK.
No. 91-KA-557.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1991.
*1250 Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant/appellant.
Before WICKER, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Appellant, Edward Cook, was charged by bill of information filed December 13, 1990 with two counts of armed robbery (LSA-R.S. 14:64).
Appellant was arraigned January 29, 1991 and pled not guilty to the two charges. Following the trial court's denial of his motions to suppress evidence and confession, the defendant withdrew his former pleas of not guilty and pled guilty as charged to both counts on April 30, 1991, pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
On May 2, 1991 the defendant filed a pro se Motion for Withdrawal of Guilty Plea asserting that his plea was not made freely and voluntarily with the full understanding of the nature of the alleged offenses and that he was coerced into making it. Pursuant to this Court's order to consider and act on the motion, the trial court had a hearing on May 30, 1991 and at its conclusion the court denied defendant's motion to withdraw.
Thereafter, the court sentenced the defendant to fifteen years at hard labor on each count without benefit of parole, probation, or suspension of sentence, with the sentences running concurrently. It is from this judgment that appellant herein appeals. For the reasons assigned below the trial court's judgment is affirmed, but is remanded for amendment of sentence.

FACTS
On the morning of November 17, 1990 Officer Hymel learned by radio that an armed robbery had just occurred on Richland Avenue in Metairie. The description given of the perpetrator was that of a white male wearing dark clothing, a ski mask and fleeing toward Houma Boulevard. As Officer Hymel proceeded toward that area a citizen flagged him down and informed him that he had observed a man, removing a ski mask, run past him in a particular direction.
After informing the assisting units of the suspect's latest whereabouts, Officer Hymel proceeded in that direction. Shortly thereafter, Officer McWilliam radioed that she had seen a white male, wearing jeans and carrying a knapsack, running through an apartment complex toward Yale Street. At that time, Officer Hymel, who was stationed on Yale, looked into his rearview mirror and observed a white male running across the street carrying a knapsack.
Officer Hymel pursued the suspect in his unit and then on foot. When the officer got within five feet of the suspect he called for him to halt. The suspect continued to run and attempted to climb over a six foot wooden fence. Officer Hymel apprehended him.
Officer Hymel handcuffed the suspect and escorted him back to the police unit. The suspect was identified as the defendant. Defendant's knapsack was seized and found to contain two weapons, a wallet and the robbery victim's identification.
Thereafter, the defendant was transported to the police station for questioning. He subsequently escaped but was captured soon after in the vicinity of the station. He was treated at Charity Hospital for injuries received in that escape, and then was transported back to the station. Defendant made an inculpatory statement regarding his involvement in two robberies.

*1251 ASSIGNMENT OF ERROR NUMBER ONE
Appellant avers that the trial court erred in denying his motion to withdraw his guilty pleas.
Defendant contends that he should be allowed to withdraw his guilty pleas. He argues that the pleas were not made freely and voluntarily with a full understanding of the nature of the alleged offenses, because the court did not explain to him the elements of the offense.
LSA-C.Cr.P. art. 559 provides that the court may permit a plea of guilty to be withdrawn at any time before sentencing. The trial court has great discretion with regard to the withdrawal of a guilty plea but nonetheless must not arbitrarily refuse to exercise that authority. State v. Jenkins, 419 So.2d 463 (La.1982).
As a general rule, a denial of a withdrawal of a guilty plea will not be reversed on appeal when the record clearly shows that defendant was informed of his rights and the consequences of the plea and that the plea was entered voluntarily. State v. Griffin, 535 So.2d 1143 (La.App. 2nd Cir.1988). Furthermore, an express admission of guilt is not a constitutional requisite to the imposition of a criminal penalty. State v. McCarty, 499 So.2d 292 (La.App. 1st Cir.1986), writ denied, 505 So.2d 56 (La.1987).
When an accused enters a plea of guilty, he waives his fundamental rights to a jury trial, to confront his accusers, and his privilege against self-incrimination. For that reason, due process requires that the plea be a voluntary and intelligent relinquishment of known rights. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Galliano, 396 So.2d 1288 (La.1981). The record of the plea must show that the defendant was informed of these three basic rights and he then knowingly and voluntarily waived them. State v. Galliano, supra at p. 1290.
The transcript of the guilty plea in the instant case reveals that the trial court explained to the defendant the rights he waived by entering a guilty plea, including, the right to trial by jury, the right to confront his accusers, and the privilege against self-incrimination. He was informed of the consequences of a guilty plea, the sentencing exposure he faced, and the actual sentence that would be imposed if he pled guilty.
Defense counsel indicated that he had explained to the defendant his rights and consequences should he plead guilty. Defense counsel also indicated that he was certain that the defendant fully and completely understood these rights and consequences. Therefore, the record contains objective evidence of a voluntary and intelligent waiver of known constitutional rights.
The trial court failed to explain to the defendant the elements of the offenses to which he pled guilty. However, the validity of a guilty plea does not depend upon whether or not the trial court specifically informed the accused of every element of the offense. Rather, the defendant must establish that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he was pleading. State v. Bowick, 403 So.2d 673 (La.1981).
Here, the defendant had previously been arraigned on a two-count bill of information, which charged that the defendant robbed two victims while armed with a dangerous weapon. Defendant was represented by retained counsel throughout his criminal trial.
During his plea colloquy, the defendant indicated that he understood that he was entering a guilty plea as to two counts of armed robbery. Furthermore, defendant had confessed to his involvement in the robberies. The defendant did not claim that he was unaware of the elements until he filed his motion to withdraw his plea. At a hearing on the motion the defendant offered no evidence that he was unaware of the elements of the offense. Consequently, *1252 the defendant failed to establish that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he pled. State v. Bowick, supra at 675.
Considering all of the above, this Court concludes that the guilty pleas entered by the defendant are valid. An otherwise valid plea of guilty is not rendered involuntary merely because it was entered to limit the possible maximum penalty to less than that authorized by law for the crime charged. State v. Compton, 367 So.2d 844 (La.1979). Defendant's pleas were the result of an informed decision that this was his best course of action under the circumstances. Furthermore, dissatisfaction with a sentence is not a basis for withdrawal of a guilty plea. State v. Boatright, 406 So.2d 163 (La.1981). Consequently, the trial court did not abuse its discretion in refusing to allow the withdrawal of defendant's guilty pleas.

ERROR PATENT
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) an error designated in the assignments of error; and (2) an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars signed in connection with a short form indictment or information, and the judgment or sentence. State v. Weiland, 556 So.2d 175 (La.App.1990), State v. Oliveaux, 312 So.2d 337 (La.1975).
In addition, where the defendant has entered a plea of guilty, the issue of whether the defendant was properly "Boykinized" should also be included in an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983).
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. The court then expressed its unwillingness to presume waiver of these rights from a silent record. Boykin was adopted by the Louisiana Supreme Court, State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) and held to apply to all felony pleas of guilty subsequent to December 8, 1971. State ex rel LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
Here, the defendant was properly "Boykinized".
A further review of the record in this matter does reveal an error patent. Nowhere on the minute entry, the commitment, or the transcript is shown that defendant was given credit for time served.
LSA-C.Cr.P. art. 880 requires a court, when imposing a sentence, to give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of the sentence. LSA-C.Cr.P. art. 880, State v. Richard, 525 So.2d 1097 (La.App. 5th Cir.1988), writ denied, 538 So.2d 609 (La.1989). Therefore, the sentence, commitment and minute entry is hereby amended to give the defendant credit for time served.
AFFIRMED AND REMANDED.