614 So.2d 788 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
Anthony D. BROOKS, Defendant-Appellant.
No. 24668-KA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1993.
Indigent Defender Office, Shreveport, by Kurt E. Goin, Richard E. Hiller, for defendant-appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Ronald R. Inderbitzen, Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for plaintiff-appellee.
Before HIGHTOWER, VICTORY and WILLIAMS, JJ.
VICTORY, Judge.
Pursuant to a plea bargain, defendant, who was originally charged with second degree murder, pled guilty to attempted second degree murder, with an agreed 27-year hard labor cap on his sentence. He was subsequently sentenced to 15 years at hard labor. The trial court denied defendant's motion to reconsider the sentence, a ruling which defendant now appeals.
The Louisiana Felony Sentencing Guidelines, effective January 1, 1992, are applicable to all sentences that are pronounced on or after January 1, 1992. Because defendant pled guilty pursuant to a plea agreement on March 16, 1992 and was sentenced on July 8, 1992, the guidelines are applicable to his sentence. LSA-C.Cr.P. Art. 881.2(A)(2), passed by the Legislature in 1991 to help implement the Guidelines, states as follows:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
Although pre-guideline cases, such as State v. Vail, 571 So.2d 710 (La. App.2d Cir.1990), reviewed cap sentences for excessiveness, the Louisiana Sentencing Guidelines and implementing legislation clearly indicate that such bargained-for sentence limitations or ceilings are not appealable. *789 La.S.G. § 301; LSA-C.Cr.P. Art. 881.2(A)(2). As stated in the Louisiana Sentencing Guidelines Manual, 1993 Edition, at pp. 9 and 10:
[N]o further justification is required under the Guidelines if a guilty plea agreement is reached by the parties and submitted to the court with a recommendation regarding a particular sentence or a range or "cap." La.S.G. § 301 and LSA-C.Cr.P. art. 881.2(A)(2). See State v. Coleman, 605 So.2d 231 (La.App. 2d Cir. 1992). The Guidelines and the 1991 implementing legislation adopt the view that a sentence in a particular case, which is acceptable to the prosecutor, defense counsel, and the trial court, should not be subjected to scrutiny by a reviewing court. Cf. State v. Vail, 571 So.2d 710 (La.App. 2d Cir.1990), a preguideline case....
The plea agreement was set forth in the record at the time of the plea and indicates that the trial judge accepted the 27-year limitation on the sentence. In accordance with LSA-C.Cr.P. Art. 881.2(A)(2), defendant's sentence, within the 27-year cap, cannot be appealed or reviewed.[1]
Lastly, while the trial judge did inform the defendant of his right to seek post-conviction relief under LSA-C.Cr.P. Art. 930.8, he erroneously told the defendant that he had two years to seek this relief when he actually has three years. This apparent defect has no bearing on whether the sentence is excessive, and thus is not grounds to reverse the sentence or remand the case for resentencing. LSA-C.Cr.P. Art. 921.

DECREE
For the foregoing reasons, defendant's sentence is affirmed. The trial court is ordered to send written notice to defendant of the three year prescriptive period for post-conviction relief within ten days of the rendition of this opinion and shall file written proof in the record that defendant received such notice.
AFFIRMED.
NOTES
[1] We also note that defendant failed to include specific grounds for his allegation of excessiveness in his motion to reconsider sentence. Specific grounds must be included in a motion to reconsider sentence; a claim of excessiveness alone is not sufficient. State v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992), and State v. Brewster, 609 So.2d 1094 (La.App.2d Cir.1992).