615 So.2d 1367 (1993)
STATE of Louisiana, Appellee,
v.
Andrew HAWKINS, Jr. and T.C. Williams, Jr., Appellants.
No. 24690-KA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
Rehearings Denied April 29, 1993.
Lunn, Irion, Johnson, Salley & Carlisle by James A. Mijalis, Shreveport, for appellant, Andrew Hawkins, Jr.
Mayer, Smith & Roberts by Paul R. Mayer, Jr., Shreveport, for appellant T.C. Williams, Jr.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul Carmouche, Dist. Atty., Greg Munson, Asst. Dist. Atty., Shreveport, for appellee.
Before LINDSAY, HIGHTOWER and BROWN, JJ.
HIGHTOWER, Judge.
In response to a bill of information charging each defendant with two counts of armed robbery, LSA-R.S. 14:64, Andrew Hawkins, Jr. and T.C. Williams, Jr. individually pled guilty to one count of armed robbery. As part of the plea bargain, the state and the court agreed in each matter that the sentence would not exceed 25 years at hard labor without benefit of probation, parole or suspension. Additionally, the state dismissed the remaining charges, and declined to seek firearms enhancement penalties or to file multiple offender accusations against either defendant. Thereafter, the trial court imposed periods of imprisonment consistent with the plea agreement. After denial of their LSA-C.Cr.P. Art. 881.1 motions to reconsider, Hawkins and Williams appeal as excessive their respective sentences of 20 years and 18 years. We affirm.
*1368 The Louisiana Felony Sentencing Guidelines became effective January 1, 1992, prior to the July 6, 1992 sentencings in this case. Despite their present assertions of excessiveness, the defendants cannot complain with respect to incarceration ordered within the limits of their plea agreement. As stated in LSA-C.Cr.P. Art. 881.2(A)(2):
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
See also La.S.G. § 301; State v. Brooks, 614 So.2d 788 (La.App. 2d Cir.1993).
As further explained in the Louisiana Sentencing Guidelines Manual, 1993 Edition, at pp. 9 and 10:
[N]o further justification is required under the Guidelines if a guilty plea agreement is reached by the parties and submitted to the court with a recommendation regarding a particular sentence or a range or "cap." [Footnote omitted.] The Guidelines and the 1991 implementing legislation adopt the view that a sentence in a particular case, which is acceptable to the prosecutor, defense counsel, and the trial court, should not be subjected to scrutiny by a reviewing court. [Footnote omitted.]
Here, based upon plea arrangements specifically set forth in the record, the state and defendants agreed to sentencing caps of 25 years at hard labor; and, the trial court accepted those plea bargains. Thus, defendants are now precluded from assailing, as excessive, sentences within a range to which they themselves assented.
For the foregoing reasons, the convictions and sentences of both defendants are affirmed.
AFFIRMED.
BROWN, J., concurs with reasons.
BROWN, Judge, concurring.
Although I may not share the belief that sentences within the statutory range should be reviewed, we are compelled to do so by our Supreme Court's interpretation of Louisiana's constitution. Only when defendants have pled to a specific sentence would review not be necessary. In this case, the plea bargain reduced the maximum exposure of 99 years to 25 years and defendants did not plead to specific sentences. It is incongruous to review a claim of excessiveness for one who pleads without a "cap", even to a reduced charge, but not for one who bargains for a lesser sentencing range than provided by statute. Legitimate plea bargains are beneficial to the state and the rule proposed by the majority may prevent a just disposition of a case without trial.
In this case, defendants, Hawkins and Williams, disguised with Halloween masks, robbed the employees of the Citizens National Bank at gunpoint. During the robbery, the employees were forced to kneel in a circle with their hands bound and heads bowed. A passing motorist alerted the police who quickly surrounded the bank. After a short period of time Hawkins and Williams surrendered.
Hawkins had a previous felony conviction for possession of cocaine and the state agreed not to prosecute him as a multiple felony offender. Under the circumstances of this case, the sentences imposed by the trial court on both Hawkins and Williams are not shocking to a sense of justice and are not constitutionally excessive.
The minimum sentence set by the legislature for armed robbery is five years without benefit of parole, suspension or probation. Armed robbery is a violent crime exposing its victims to the possibility of great harm. Victims, who face fear and uncertainty at the end of a gun, suffer emotional harm in every such armed robbery. The sentencing guidelines' recommended range of 6 to 8½ years for Hawkins, who was a second felony offender, and 5 to 7½ years for Williams is unrealistic, even for the "typical" case.
When there is no physical violence against a victim, it is difficult to distinguish the "typical" from the "atypical" armed robbery. Thus, both trial and appellate judges resort to intellectual manipulations to justify clearly appropriate sentences. This case illustrates the shortcomings of *1369 the guidelines and the need for their re-evaluation to extend greater discretion to the sentencing court and allow for considerations of local flavor.

APPLICATION FOR REHEARING
Before NORRIS, LINDSAY, HIGHTOWER, VICTORY and BROWN, JJ.
Rehearing denied.