622 So.2d 1199 (1993)
STATE of Louisiana, Appellee,
v.
Roshado SMITH, Appellant.
No. 25099-KA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1993.
Indigent Defender Office by Richard E. Hiller, John M. Lawrence, Stanley B. McDonald, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Homer Ted Cox, Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
PER CURIAM.
The defendant, Roshado Smith, pled guilty to one count of attempted second degree murder with a sentencing cap of 30 years. He was sentenced to 22 years at hard labor. The defendant now appeals his sentence as excessive. For the reasons assigned below, we affirm.
On the night of January 25, 1992, and in the early morning hours of January 26, 1992, the defendant shot two men, Bruce Wilson and Alvin Martin, in separate incidents.
At about midnight, Mr. Wilson was escorting his girl friend to her car, which was parked in front of his home. The 18-year-old defendant, who was known as "Hard Rock," drove up in a tan-colored vehicle with several other men. One of the defendant's companions made a derogatory remark directed at Mr. Wilson's girl friend. Mr. Wilson dismissed the vulgar comment with a non-confrontational remark and walked back to his girl friend's car. At this point, the defendant put his car in park, got out, and opened fire on Mr. Wilson. At least three shots struck Mr. Wilson; the record indicates that he may have actually been struck as many as seven times.
During the ensuing investigation, the police learned that the defendant was also the gunman in another incident that night in which Mr. Martin was shot.
The defendant was charged with two counts of attempted second degree murder, in violation of LSA-R.S. 14:27 and 14:30.1. Pursuant to a plea agreement, the defendant pled guilty to the attempted second degree murder of Mr. Wilson with a sentencing cap of 30 years. In exchange for the guilty plea, the state dismissed the second count of attempted second degree murder.
The defendant was initially sentenced to 22 years at hard labor without benefit of parole, probation or suspension of sentence. However, the defendant's motion to reconsider was granted in part, the trial court agreeing that the sentence should not have been imposed without benefit of parole, probation or suspension of sentence. The trial court subsequently amended the sentence to 22 years at hard labor, with credit for time served. The motion to reconsider was denied to the extent that it alleged that the sentence was excessive.
The defendant now appeals, asserting that the trial court erred in imposing an excessive sentence and in denying his motion to reconsider.
LSA-C.Cr.P. Art. 881.2(A)(2) provides as follows:

*1200 The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
The Louisiana Sentencing Guidelines Manual, 1993 Edition, states at pp. 9 and 10:
[N]o further justification is required under the Guidelines if a guilty plea agreement is reached by the parties and submitted to the court with a recommendation regarding a particular sentence or a range or "cap." The Guidelines and the 1991 implementing legislation adopt the view that a sentence in a particular case, which is acceptable to the prosecutor, defense counsel, and the trial court, should not be subjected to scrutiny by a reviewing court. [Footnotes omitted.]
Inasmuch as the state, the defendant, and the trial court all agreed to the 30-year sentencing "cap" or ceiling on the defendant's sentence, and the subsequent sentence was imposed within the limits of this agreement, the defendant cannot appeal his sentence. See State v. Brooks, 614 So.2d 788 (La.App. 2d Cir.1993), writ denied, 619 So.2d 577 (La.1993), and State v. Hawkins, 615 So.2d 1367 (La.App. 2d Cir.1993).
Therefore, the defendant's conviction and sentence are affirmed.
AFFIRMED.