633 So.2d 315 (1993)
STATE of Louisiana
v.
Cornelius LEWIS.
No. 93 KA 0091.
Court of Appeal of Louisiana, First Circuit.
November 24, 1993.
*316 Doug Moreau, Dist. Atty., Baton Rouge by Don Wall, Asst. Dist. Atty., for State of La.-appellee.
Sean Jackson, Office of Public Defender, Baton Rouge, for defendant-appellant.
Before EDWARDS, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
Cornelius Lewis was charged by bill of information with first degree robbery, a violation of La.R.S. 14:64.1. He was billed separately with purse snatching and forgery. After originally pleading not guilty to these charges, he changed his pleas to guilty pursuant to a plea agreement wherein the court agreed the sentence would not exceed twenty-five years and the state agreed these three cases represented all the charges contemplated by the state. Prior to sentencing, defendant moved to withdraw his guilty pleas. The court denied the motion and sentenced defendant on the first degree robbery conviction to serve a term of twenty-five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. In the other cases, the court sentenced defendant to ten years imprisonment at hard labor (for the purse snatching conviction) and to five years imprisonment at hard labor (for the forgery conviction). The court ordered all sentences to run concurrently. Defendant has appealed his conviction and sentence in the first degree robbery case, urging two assignments of error. Separately, defendant appeals the convictions and sentences imposed in the other two cases.
When defendant pled guilty, the prosecutor summarized the facts of the first degree robbery offense. On February 26, 1992, defendant entered a Texaco station located in Baton Rouge. He ordered the clerk to give him all the money and, motioning towards his waist band, warned, "Don't make me kill you." The clerk gave defendant some money. Shortly after the offense, police officers located defendant; and the store clerk identified defendant as being the robber. The robbery was filmed by security cameras located inside the station.
DENIAL OF MOTION TO WITHDRAW GUILTY PLEA
In the first assignment of error defendant claims the court erred when it denied the motion to withdraw guilty plea. Defendant specifically argues the court's inquiry into the reasons for defendant's request was inadequate and that the case should be remanded for a hearing.
*317 Defendant's motion to withdraw guilty pleas was voiced orally just prior to sentencing. After counsel asked the court to allow his client to withdraw the pleas, defendant personally explained to the court his reasons for the request. He indicated he felt his chances on appeal would be better if he were to go to trial and he implied that he wished to attack the state's failure to hold a lineup after his arrest. Defendant also implied that, when he pled guilty, he thought he would be able to withdraw the guilty pleas if he decided to during the delay between the pleas and sentencing. Defendant complained that his attorney had not represented him properly and that he had tried to hire his own attorney prior to pleading guilty. Noting that defendant had been advised of the facts the state intended to prove at trial when he pled guilty, the court rejected defendant's arguments and denied the motion.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.C.Cr.P. art. 559(A). Under this article, a defendant has no absolute right to withdraw a previously entered plea of guilty. The court's decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Carmouche, 589 So.2d 53, 55 (La.App. 1st Cir.1991). In ruling on a motion to withdraw a guilty plea, a trial court is not limited to a review of the guilty plea colloquy; it may also order an evidentiary hearing. State v. Greer, 572 So.2d 1166, 1169 (La.App. 1st Cir.1990).
For the following reasons, we conclude the court did not err by not holding an evidentiary hearing on the motion. Defendant did not request a hearing on the motion; nor did he object to the court's failure to hold a hearing. Thus, defendant has not properly preserved the issue for appeal. See La. C.Cr.P. art. 841. See also Greer, 572 So.2d at 1169; State v. Banks, 457 So.2d 1264, 1266 (La.App. 1st Cir.1984). Moreover, defendant's claim that he understood the delay in sentencing would give him the opportunity to decide to change his mind has absolutely no support in the record of the guilty plea proceedings. The court thoroughly advised defendant of his constitutional rights and determined defendant knowingly and voluntarily waived these rights. Throughout the plea, defendant indicated his willingness to plead guilty. At the end of the proceedings, when the court informed defendant he had the right to a three day delay before being sentenced, defendant asked for the delay, explaining that he needed the opportunity to talk to family and friends before being sentenced.[1] Under these circumstances, the court did not abuse its discretion when it denied the motion.
The assignment of error is without merit.

EXCESSIVE SENTENCE
In the second assignment of error, defendant argues the court failed to comply with the requirements of La.C.Cr.P. art. 894.1 when it sentenced him. He specifically maintains the court inadequately considered mitigating circumstances. In response, the state contends the assignment of error should not be reviewed because the trial court never ruled upon defendant's motion to reconsider sentence and because defendant's motion to reconsider sentence, which merely alleged the sentences were "excessive," was inadequate.
Defendant was sentenced after the effective date of the new sentencing guidelines and after the effective date of La. C.Cr.P. art. 881.1, which requires the filing of a motion to reconsider sentence in order to preserve an objection to the sentence. Although defendant filed a motion to reconsider sentence, the record before this Court does not reflect a ruling on the motion. It was defendant's responsibility to obtain a ruling on the motion and to cause the appellate record to be supplemented with the ruling. See State v. Sanders, 618 So.2d 904 (La.App. 1st Cir.1993) (per curiam).
Normally, this Court would remand for a ruling on the motion to reconsider. However, we conclude a remand is not necessary in this case. Defendant's mere claim in his motion to reconsider that the *318 sentence is "excessive" is sufficient to preserve a bare claim of constitutional excessiveness. See State v. Mims, 619 So.2d 1059 (La.1993) (per curiam). See La.C.Cr.P. art. 881.1(A)(2) & 881.1(D). However, because defendant pled guilty pursuant to a plea agreement, and was sentenced within the agreed upon range, he is precluded from seeking review of his sentence. See La. C.Cr.P. art. 881.2(A)(2). In State v. Hawkins, 615 So.2d 1367 (La.App. 2d Cir.), writs denied, 624 So.2d 1223, 624 So.2d 1224 (La. 1993) (Docket Nos. 93 K 1458 and 93 K 1466). the court held that a defendant who pleads guilty pursuant to a plea agreement (wherein the court agrees to cap the sentence at a particular length and the state agrees to dismiss other charges and agrees not to charge the defendant as a multiple offender) is precluded by the new sentencing guidelines from raising excessive sentence so long as the sentence imposed is within the agreed upon range. See also State v. Brooks, 614 So.2d 788 (La.App. 2d Cir.), writ denied, 619 So.2d 577 (La.1993). Similarly, in the instant case the court agreed to cap the sentence at twenty-five years and the state indicated it did not intend to file any other charges against defendant. Comments made by defense counsel at sentencing indicate defendant apparently could have been charged as an habitual offender but was not going to be charged as a result of the plea arrangement. The sentence imposed was within the agreed upon range. Thus, defendant is precluded from raising excessive sentence.
Accordingly, the assignment of error is without merit.

PATENT ERROR
In reviewing the record for patent error, we have found error in the sentence. Although the minutes indicate the court credited defendant with time served, the transcript shows the court did not give defendant credit for time served. See La.C.Cr.P. art. 880. Rather than remanding for resentencing, we simply order the defendant to be given credit for time served and the district court shall amend the commitment if necessary. See La.C.Cr.P. art. 882.
CONVICTION AND SENTENCE AFFIRMED AS AMENDED.
NOTES
[1] The trial court implied that it was required to wait three days before sentencing defendant. However, the three day delay is not required if a defendant pleads guilty. See La.C.Cr.P. art. 873.