631 So.2d 730 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Gregory Lee LAROUX, Defendant-Appellant.
No. CR93-719.
Court of Appeal of Louisiana, Third Circuit.
February 2, 1994.
Don M. Burkett, Many, for State.
W. Charles Brown, Mansfield, for Gregory Lee Laroux.
Before LABORDE, THIBODEAUX and DECUIR, JJ.
*731 LABORDE, Judge.
Defendant pled guilty to Illegal Possession of Stolen Things, and was sentenced to two years at hard labor, which sentence was suspended subject to several conditions. Defendant appeals the sentence handed down by the trial court. Finding no error on the part of the trial court, we affirm.

FACTS
Detective Jack Staton and Chief Detective James McComic of the Sabine Parish Sheriff's Department received information about stolen items in the possession of Robert Leone, Tommy Parrie, and Joseph Willie Cartinez. As a result of the detectives' investigations, the defendant Gregory Lee Laroux was charged with one count of aggravated burglary and one count of felony theft. According to the sheriff's department, the following items were recovered: one 10 horsepower Evinrude motor, one Remington 280 rifle, one Winchester 30-30 rifle, and one Browning 12-gauge shotgun.
As the result of an apparent plea bargain, the defendant pled guilty to illegal possession of stolen things, a violation of La.R.S. 14:69. The trial court sentenced defendant to two years at hard labor. The trial court then suspended this sentence and placed defendant on two years supervised probation, subject to the following conditions: (1) a monthly probation fee of $31.00; (2) random drug screens, at defendant's expense; and (3) a $3,000.00 fine plus prosecution costs to be paid within the first 120 days of probation.

ERRORS PATENT
La.C.Cr.P. art 920 provides the scope of review on appeal as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, this appeal has been reviewed for errors patent on the face of the record. One error patent was discovered: defendant was not notified of the prescriptive period for post-conviction relief.
La.C.Cr.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform the defendant. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. La.C.Cr.P. art. 921. The three year prescriptive period does not begin to run until the judgment is final under La.C.Cr.P. art. 914 or 922, so prescription is not yet running. The purpose of the notice of Article 930.8(C) is to inform defendant of the prescriptive period in advance; thus, the district court is instructed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof in the record of the proceedings that the defendant received such notice. See State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir. 1993).

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error, defendant contends the sentencing judge failed to comply with the plea bargain and sentence agreement. However, as this assignment of error was not briefed on appeal, it is therefore considered abandoned per Uniform RulesCourts of Appeal, Rule 2-12.4.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error, defendant alleges the trial court imposed an excessive sentence and fine upon defendant. However, the excessive sentence portion of this assignment was not briefed on appeal and is therefore considered abandoned per Uniform RulesCourts of Appeal, Rule 2-12.4.
Defendant raised the excessive fine issue in his Motion to Reconsider Sentence. The motion was denied by the trial court without a contradictory hearing.
*732 On appeal, defendant argues the imposition of a fine upon an indigent defendant is unconstitutional. The trial court sentenced defendant to pay the fine and costs within the first 120 days of probation. Defendant contends this special condition of probation had the same legal effect as if the trial court had sentenced defendant to pay and fine and costs and upon default of payment to serve time in jail.
Both the record and the presentence investigation report support defendant's claim of indigency. Defendant was represented by a court-appointed attorney at all proceedings before the trial court and on appeal. During the Boykinization of defendant, the trial court determined the defendant was currently unemployed and his only previous work experience was with his father. The presentence investigation report also shows defendant has never been married, has no dependents and no assets. Defendant lives with his parents, owns nothing of value and receives no public assistance. He has been unemployed since April 1992.

Plea Agreements
La.C.Cr.P. art. 881.2(A)(2) provides:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
We adopt the reasoning of the Second Circuit in State v. Smith 622 So.2d 1199 (La.App. 2 Cir.1993). Absent some compelling circumstance not present here, a defendant who agrees to be sentenced within the limits of a sentencing cap cannot later appeal his sentence as excessive.
The Louisiana Sentencing Guidelines Manual, 1993 Edition, states at pp. 9 and 10:
[N]o further justification is required under the Guidelines if a guilty plea agreement is reached by the parties and submitted to the court with a recommendation regarding a particular sentence or a range or "cap." The Guidelines and the 1991 implementing legislation adopt the view that a sentence in a particular case, which is acceptable to the prosecutor, defense counsel, and the trial court, should not be subjected to scrutiny by a reviewing court. [Footnotes omitted.]
Inasmuch as the state, the defendant, and the trial court all agreed to the 30-year sentencing "cap" or ceiling on the defendant's sentence, and the subsequent sentence was imposed within the limits of this agreement, the defendant cannot appeal his sentence. See State v. Brooks, 614 So.2d 788 (La.App.2d Cir.1993), writ denied, 619 So.2d 577 (La.1993), and State v. Hawkins, 615 So.2d 1367 (La.App.2d Cir.1993).
State v. Smith, supra, at 1200.
The comments to La.S.G. § 301 explain that a defendant cannot appeal from a sentence imposed in conformity with the plea agreement set forth in the record. The La. Sentencing Guidelines § 301(A) and (B) anticipate a plea agreement in which the parties stipulate to either a grid cell or a specific sentence, regardless of whether the cell or sentence correspond to the defendant's criminal history index and crime seriousness level of the offense(s) to which defendant agrees to plead. In Smith, supra, the Second Circuit interpreted this provision to include a cap on a sentence, citing the introduction to the La. Sentencing Guidelines Manual for this interpretation.
The purpose of the Sentencing Guidelines is to add some predictability to the sentencing phase of criminal proceedings. In the instant case, the defendant agreed to a plea bargain arrangement with a cap on the possible sentence. The record reveals that the court informed defendant of the maximum possible sentence and fine he could receive, and the defendant acknowledged that he understood these possibilities. He was sentenced within those bounds. Therefore, we find that defendant is precluded from appealing the sentence imposed under a plea bargain agreement under C.Cr.P. art. 881.2(A)(2).

DECREE
Defendant's conviction and sentence are affirmed. The trial court is directed to inform the defendant of the prescriptive period for post-conviction relief under C.Cr.P. art. 930.8, and to file written proof in the record *733 of the proceedings that defendant received such notice.
AFFIRMED.