657 So.2d 374 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Rex Howard COUNTEE, Defendant-Appellant.
No. CR94-1569.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
Rehearing Denied September 14, 1995.
Thomas Martin Yeager, Alexandria, for State of Louisiana.
George Lewis Higgins, III, Pineville, for Rex Howard Countee.
Before DOUCET, C.J., and THIBODEAUX and PETERS, JJ.
*375 THIBODEAUX, Judge.
The defendant, Rex Howard Countee, pled guilty to distribution of cocaine, a violation of La.R.S. 40:967(A) and was sentenced to five years at hard labor and a $10,000.00 fine. In default of the payment of the fine, Mr. Countee would serve one year in the parish jail. Both the state and the defendant agreed that the maximum sentence to be recommended to the trial court would be five years and a $10,000.00 fine.
The defendant, not satisfied with the sentence, now appeals on the bases that his sentence is excessive, the trial court failed to accord sufficient weight to mitigating circumstances, and considered improper information in imposing the sentence.
For the following reasons, we dismiss his appeal.

LAW AND DISCUSSION
La.Code Crim.P. art. 881.2(A)(2) provides in pertinent part:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
In State v. Laroux, 93-719 (La.App. 3 Cir. 2/2/94), 631 So.2d 730, 732, writ denied, 94-0577 (La. 6/3/94), 637 So.2d 498 adopting the reasoning of State v. Smith, 622 So.2d 1199 (La.App. 2 Cir.1993), this court stated, "[a]bsent some compelling circumstances not present here, a defendant who agrees to be sentenced within the limits of a sentencing cap cannot later appeal his sentence as excessive."
In Smith, 622 So.2d at 1200, the court stated:
The Louisiana Sentencing Guidelines Manual, 1993 Edition, states at pp. 9 and 10:
[N]o further justification is required under the Guidelines if a guilty plea agreement is reached by the parties and submitted to the court with a recommendation regarding a particular sentence or a range or "cap." The Guidelines and the 1991 implementing legislation adopt the view that a sentence in a particular case, which is acceptable to the prosecutor, defense counsel, and the trial court, should not be subjected to scrutiny by a reviewing court. [Footnotes omitted.]
Inasmuch as the state, the defendant, and the trial court all agreed to the 30-year sentencing "cap" or ceiling on the defendant's sentence, and the subsequent sentence was imposed within the limits of this agreement, the defendant cannot appeal his sentence. See State v. Brooks, 614 So.2d 788 (La.App. 2d Cir.1993), writ denied, 619 So.2d 577 (La.1993), and State v. Hawkins, 615 So.2d 1367 (La.App. 2d Cir.1993).
The defendant in Laroux agreed to a plea bargain arrangement with a cap on the possible sentence. The record reveals the court informed the defendant the maximum sentence and fine he could receive. The defendant acknowledged he understood the possibilities. The defendant was sentenced within those bounds.
In the present case, defendant entered a plea of guilty to the charge in accordance with a plea arrangement whereby defendant and the state agreed to a sentence cap of five (5) years and a fine of ten thousand ($10,000.00) dollars plus costs. Defendant was informed of the maximum possible sentence and fine that could be imposed and defendant acknowledged his understanding of the possible penalty. After a sentencing hearing, the sentencing judge imposed a sentence of five (5) years and a fine of ten thousand ($10,000.00) dollars plus court costs, in default thereof to serve one (1) year in the parish jail stating, "the maximum sentence agreed upon is a fair sentence and that's the one I am going to impose." Thus, in our view, the defendant is precluded from appealing the sentence imposed under a plea bargain agreement by La.Code Crim.P. art. 881.2(A)(2).

CONCLUSION
Based upon the foregoing, the defendant's appeal is dismissed.
APPEAL DISMISSED.