1 iCANNELLA, Judge.
^Defendant, Richard Hapner, appeals from his guilty plea conviction to the crime of possession of cocaine and his sentence to one year at hard labor. For the reasons which follow, we affirm the conviction and sentence and remand.
There was no trial in this case because the defendant pled guilty. Therefore, the facts were obtained from the transcript of the guilty plea and from the Jefferson Parish Sheriffs Office crime report in the record.
On March 22, 1995, while traveling in an area known for drug sales, defendant was stopped by Jefferson Parish Sheriff deputies for a traffic violation. One of the deputies approached the passenger side of the vehicle and observed a transparent bag containing three off-white “rocks” and a metal pipe. Defendant was arrested and the suspected contraband seized. The off-white “rocks” tested positive for cocaine.
IgDefendant was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967C. Defendant pled not guilty and filed pre-trial motions. On the date of the hearing of the motions, July 27, 1995, defense counsel indicated that the motions had been satisfied. Subsequently, defendant withdrew his not guilty plea and tendered a plea of guilty, pursuant to a plea agreement. A ‘Waiver of Constitutional Rights/Plea of Guilty” form was executed by defendant, his attorney and the trial judge. In the form, defendant waived his rights and acknowledged the specific sentence to be imposed. The trial court conducted a Boykin examination and questioned defendant about his waiver of rights, including the right to trial, right to confrontation and privilege against self incrimination. The judge also advised defendant of the sentence that would be imposed as part of the plea agreement. After finding that the plea was knowingly, intelligently, freely and voluntarily made, the trial court accepted the plea.
On August 14,1995, defendant appeared in court for sentencing. At that time defendant appeared with a new defense counsel, who filed a motion to withdraw the guilty plea. The trial court denied the motion. The trial court then proceeded to sentence defendant. The court stated that it considered defendant’s previous criminal history, age, nature of the crime and the fact that there was a stipulated plea. The court sentenced defendant, as per the plea agreement, to one year at hard labor, and recommended that defendant be “enrolled in the Blue Walter (sic) Drug Treatment Program while incarcerated.” Defendant was given credit for time served. After sentencing, defense counsel stated that he had filed a motion to reconsider the sentence. The trial court denied this motion. Defendant filed a motion for appeal.
I ¿ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the trial court erred and abused it discretion in refusing to allow him to withdraw his guilty plea prior to sentencing. Defendant admits that it cannot be determined from the record whether the denial of the motion to withdraw the plea was an abuse of discretion. However, he argues that “while it is pure conjecture, it is plausible to assume” that defendant felt that he was being coerced by the court. He also argues that “it is likely that the plea was not free or voluntary” and requests that this matter be remanded for proceedings to determine the voluntariness of the plea.
The state argues that there is no showing that the trial court abused its discretion in *780 denying defendant’s motion to withdraw his guilty plea and the ruling should be affirmed.
La.C.Cr.P. art. 559 provides that the trial court may permit a plea of guilty to be withdrawn at any time before sentencing. The trial court has great discretion with regard to the withdrawal of a guilty plea but nonetheless must not act arbitrarily in the exercise of that authority. State v. Jenkins, 419 So.2d 463, 466 (La.1982). As a general rule, the denial of a motion to withdraw a guilty plea will not be reversed on appeal when the record clearly shows that defendant was informed of his rights and the consequences of the plea and that the plea was entered voluntarily. State v. Cook, 591 So.2d 1248,1251 (La.App. 5th Cir.1991).
Because a plea of guilty waives an accused’s fundamental rights to a jury trial, to confront his accusers and his privilege against self-incrimination, due process requires as a prerequisite to its validity that the plea be a voluntary and intelligent relinquishment of known rights. State v. Galli-ano, |s396 So.2d 1288, 1290 (La.1981). The record of the plea must show that defendant was informed of these three basic rights and then knowingly and voluntarily waived them. Id.
The transcript of the guilty plea in the instant ease reveals that the trial court explained to defendant the rights which he waived by entering a guilty plea, including the right to trial by jury, the right to confront his accusers and the privilege against self-incrimination. Additionally, defendant executed a waiver of rights and guilty plea form in which he acknowledged his understanding of the waiver of his constitutional rights by initialing the waiver of each right and signing at the bottom of the form. Therefore, the record contains objective evidence of a voluntary and intelligent waiver of known constitutional rights.
Further, the guilty plea transcript and the rights waiver form reveal that defendant was informed of the sentence that the trial court would impose pursuant to the agreement with the state. The sentencing transcript shows that this sentence was in fact imposed. Considering the record which indicates that defendant’s guilty plea was valid and that the sentence imposed was part of the plea agreement, we find that the trial court did not err in refusing to allow defendant to withdraw his guilty plea. State v. Guzman, 95-444 (La.App. 5th Cir. 11/15/95), 665 So.2d 512, 516-517, writ denied, 95-2853 (La.2/28/96), 668 So.2d 366 (La.1996).
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO

Defendant contends that the sentence imposed was excessive. The state argues that defendant may not appeal his sentence where, as here, it was imposed as part of a plea agreement.
leLa.C.Cr.P. art. 881.2 A(2) provides that a “defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.”
As indicated earlier, the record shows that at the time defendant pled guilty he was fully advised of the sentence that would be imposed. During the colloquy with the trial judge prior to his guilty plea, defendant was told by the trial judge exactly what his sentence would be if he pled guilty. The trial judge discussed this sentence with defendant, advised him that it was the “lightest I can give you in respect to this conviction ...” and told defendant of his reasons for the sentence. The judge also indicated that he would recommend that defendant be allowed to enroll in a drug treatment program. Additionally, this sentence was specified in the executed guilty plea form. Thus, defendant may not seek review of this sentence. See State v. Craft, 94-411 (La.App. 5th Cir. 12/14/94), 648 So.2d 958, 961-962. See also State v. Laroux, 93-719 (La.App. 3rd Cir. 2/2/94) 631 So.2d 730, writ denied, 94-0577 (La.6/3/94) 637 So.2d 498, and State v. Smith, 622 So.2d 1199 (La.App. 2nd Cir.1993).
Moreover, we fail to see any apparent excessiveness in defendant’s sentence. The crime for which defendant was convicted, La. R.S. 40:967C carries a maximum five year sentence. Defendant was only sentenced to one year at hard labor. Further, in return for the guilty plea, the state dropped charges *781 ■ for a second offense and agreed not to file multiple offender proceedings against defendant.
This assignment of error lacks merit.

ERROR PATENT DISCUSSION

La.C.Cr.P. art. 920 provides: “the following matters and no others |7shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For purposes of an error patent review, the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital ease, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Wetland, 556 So.2d 175 (La.App. 5th Cir.1990).
In addition, where defendant has entered a plea of guilty, the issue of whether defendant was properly “Boykinized” should also be included in an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983).
An error patent review reveals that the trial judge did not advise defendant of the provisions of La.C.Cr.P. art. 894.1D, which became effective August 15, 1995[1].
_[s_Even though the trial judge failed to advise defendant of the provisions of La. C.Cr.P. art. 894.1D, Paragraph F of that article specifically provides that no sentence shall be declared unlawful or inadequate for failure to comply with the provisions of Paragraph D. Therefore, reversal is not necessary. The error may be corrected on remand. The trial court is hereby ordered to properly inform defendant of those provisions by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. See State v. Woolridge, 95-971 (La.App. 5th Cir. 2/27/96), 670 So.2d 1332.
Second, the transcript indicates that during the taking of the guilty plea the trial judge did advise defendant, of the time delay for filing for post-conviction relief. However, he failed to so advise defendant at the time of sentencing, as is mandated by La.C.Cr.P. art. 930.8C. Section C provides that the trial judge shall inform defendant of this prescriptive period at the time of sentencing. However, the failure to so inform the defendant is not grounds for reversal. Rather, on remand the trial court is ordered to inform defendant of the provisions La.C.Cr.P. art. 930.8 by sending written notice to defendant within ten days after the rendition of this opinion and to file written proof in the record that defendant received such notice. See State v. Crossley, 94-965, (La.App. 5th Cir. 3/15/95), 653 So.2d 631, 636-637, writ denied, 95-0959 (La.9/15/95), 660 So.2d 459, and State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
Accordingly, for the foregoing reasons, defendant’s guilty plea ^conviction for possession of cocaine and sentence to one year at hard labor are affirmed and the case is re *782 manded to the district court to notify defendant and provide record evidence that defendant has been provided the notice mandated by La.C.Cr.P. arts. 894.1D and 930.8.
CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED.

. La.C.Cr.P. art. 894.1D provides:
D. Immediately following the imposition of a felony sentence pursuant to this Article, the sentencing court shah advise the offender in open court of each of the following:
(1) Whether, pursuant to the provisions of R.S. 15:571.3, the offender’s sentence is subject to diminution for good behavior.
(2) Whether the sentence imposed was enhanced pursuant to R.S. 15:529.1 et seq., Article 893.3, or any other relevant provision of law.
(3) The prospective release date of the offender should his sentence be subject to diminution of sentence for good behavior, to the extent that the court shall advise the offender that he may be released upon serving the certain percentage of his sentence as provided for by law.
(4) Whether, pursuant to the provisions of R.S. 15:574.4(A)(1) and (3), the offender is subject to parole eligibility.
(5) The prospective parole eligibility date of the offender should he be eligible for parole pursuant to R.S. 15:574.4 et seq., to the extent that the court shall advise the offender that he may be eligible for release upon serving the certain percentage of his sentence as provided by law.