ItSAUNDERS, Judge.
Defendant, Adam Johnson, was charged by bill of indictment with second degree murder, a violation of La.R.S. 14:30.1. On February 22, 1994, defendant appeared in court with counsel, waived reading of the bill of indictment, and entered a plea of not guilty to the charge. On June 27, 1995, the district court amended the bill of indictment to manslaughter on motion of the state pursuant to a plea agreement under which the defendant would receive a sentence of not more than twenty-five years, a pre-sentence investigation would be ordered, a sentencing hearing would be held, and the sentencing guidelines would be considered by the trial court. Defendant asserts that the plea agreement also included his right to appeal an excessive sentence. On the same day, the defendant withdrew his plea of not guilty and entered a plea of guilty to the charge of manslaughter, a violation of La.R.S. 14:31. On January 24, 1996, the defendant was sentenced to twenty-five years at hard labor, withjjfive years suspended, and five years of probation with special conditions. On March 15, 1996, the defendant filed a Motion to Reconsider Sentence which the district court denied on the same day. Accordingly, the defendant now appeals his sentence before this court, alleging one assignment of error.

ERROR PATENT

La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence.
In accordance with this article, all appeals are reviewed by this court for errors patent on the face of the record. After review, we have discovered two errors patent. Initially, we observe that as part of his plea bargain with the prosecutor’s concurrence, defendant reserved the right to appeal as excessive any sentence meted out. We quote from the trial court’s transcript:
BY MR. SIMMONS: And if, in the event that it is felt that the sentence is improper or exceeds the guidelines or unfair, we reserve the right to appeal that sentence. Is that correct?
BY MR. COMEAUX: That’s fine, Your Honor.
In State v. Rice, 26,478 (La.App. 2 Cir. 12/7/94), 648 So.2d 426, writ denied, 95-0431 (La.6/16/95), 655 So.2d 340, the second circuit, faced with a similar issue, had this to say:
A plea bargain with a cap, reserving the right to appeal is contrary to specific statutory law. See LSA-C.Cr.P. art. 881.2 A(2).
A plea bargain is a contract between the state and one accused of a crime. State v. Nall, 379 So.2d 731 (La.1980); State v. Waguespack, 589 So.2d 1079 (La.App. 1st Cir.1991), writ denied, 596 So.2d 209 (La.1992). In viewing a plea bargain as a contract, the Louisiana Supreme Court has evaluated guilty plea agreements under general Civil Code rules of obligations. See, e.g., State v. Lewis, 539 So.2d 1199 (La.1989).
|aAn obligation or contract cannot exist without a lawful cause. LSA-C.C. Art. 1966. Cause is the reason why a party obligates himself. LSA-C.C. Art. 1967. *526 In the instant case, it is obvious that one of the reasons why the defendant entered the plea bargain was that he would have the right to appeal any sentence the court imposed. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. LSA-C.C. Art.1968. A contract is absolutely null when it violates a rule of public order. LSA-C.C. Art.2030. Because the plea agreement, if enforced, would produce a result prohibited by law and violate a rule of public order, it is absolutely null.
Stated differently, the legislature has indicated that in cases where the defendant has agreed to a sentence cap or to a specific sentence, no appeal should lie. If we were to review the sentence and thereby implicitly countenance this bargain which allowed an appeal after an agreed-to sentence, we would circumvent the legislative will. Obviously, then, this device of bargaining for a sentence and preserving the right to appeal would become more and more in use, contrary to the intent of the redactors or the legislature. See CHENEY C. JOSEPH, Jr. ET AL, Introduction to LOUISIANA SENTENCING GUIDELINES MANUAL, III(B), 9-11 (West 1993). Therefore, because we conclude we cannot and should not review the defendant’s sentence, his plea made with the understanding that he could appeal the bargained-for sentence should be set aside.
Accordingly, we reverse the conviction and sentence of the trial court, vacate the plea, and remand the case to the trial court for further proceedings.
State v. Rice, 648 So.2d at 428.
Were the record before us to unequivocally demonstrate that the right to appeal constituted a cause of the plea bargain, we would readily set aside the terms of the plea bargain in accordance with the reasoning of Rice.
However, in this case, while we are in a position to say with certainty that the component of the plea bargain offering to defendant the right to appeal was illicit, we cannot say with certainty that the nullity of this provision renders the entire contract null.
La.Civ.Code art. 2034 reads as follows:
Nullity of a provision does not render the whole contract null unless, from the nature of the provision or the intention of the parties, it Lean be presumed that the contract would not have been made without the null provision.
Indeed, except for that portion of the hearing encapsulated by the colloquy transcribed above, the parties’ public deliberations focused exclusively on other factors: the reduction of the charges to manslaughter, the maximum sentence that could be imposed; and, within that limitation, consideration by the trial court of the sentencing guidelines.
Consequently, a remand is in order so that the parties may concur or contest whether the reservation of the right to appeal the sentence, the null provision, in fact constituted a cause of the plea bargain but for which the parties would not have entered into the agreement.

Second Error Patent

Regardless of the outcome on remand, the record additionally discloses a second error patent. La.Code Crim.P. art. 880 provides that when imposing a sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of the sentence. The record indicates that the trial court did not do so. Thus, regardless of what sentence (if any) might eventually be imposed, the district court is ordered to amend the minute entry to reflect credit for the time served by the defendant prior to the execution of sentence. See La.Code Crim.P. art. 882(A).
In light of the foregoing, we need not address defendant’s assigned error, that the trial court imposed an excessive sentence, except to point out that it is well settled that in the absence of some compelling circumstances, a defendant who agrees to be sentenced within the limits of a sentencing cap cannot later appeal his sentence as excessive. State v. Countee, 94-1569 (La.App. 3 Cir. 5/31/95), 657 So.2d 374, writ denied, 95-2501 (La.2/2/96), 666 So.2d 1086; State v. Laroux, *527 93-719 (La.App. 3 Cir. 6/3/94), 631 So.2d 730, 732, writ denied, 94-0577 (La.6/3/94), 637 So.2d 498; State v. Smith, 622 So.2d 1199 (La.App. 2 Cir.1993).

CONCLUSION

For the foregoing reasons, we remand this proceeding to the trial court for further proceedings, with a reminder that the district court amend any sentence to reflect credit for time served by the defendant.
REMANDED.
THIBODEAUX, J., dissents and assigns reasons.