hPLOTKIN, J.,
dissenting with reasons.
La.C.Cr.P. art. 559 provides in pertinent part that “[t]he court may permit a plea of guilty to be withdrawn at any time before *445 sentence.” However, the defendant has no absolute right to withdraw a previously entered plea of guilty. State v. Lewis, 633 So.2d 315 (La.App. 1 Cir.1993). The withdrawal of the guilty plea is within the discretion of the trial court, and it is subject to reversal only if the discretion is abused or arbitrarily exercised. State v. King, 93-2146 (La.App. 4 Cir. 6/30/94), 639 So.2d 1231.
“As a general rule a denial of withdrawal of a guilty plea will not be reversed on appeal when the record clearly shows that the defendant was informed of his rights and the consequences of the plea and that the plea was entered voluntarily.” State v. Griffin, (La.App. 2 Cir.1988), 535 So.2d 1143, 1145.
In order to properly exercise its discretion and in order for the appellate court to review the exercise of that discretion, the trial court should conduct a hearing or inquiry on defendant’s motion to withdraw a guilty plea. State v. Lewis, [633 So.2d 315]. Reasons supporting withdrawal of the plea would ordinarily include factors bearing on whether the guilty plea was voluntarily and intelligently made, such as breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt, or the like. A mere change of heart or mind by the defendant as to whether he made a good bargain would not ordinarily support allowing the withdrawal of a bargained guilty plea.

Id.

bin the case at bar, defendant entered a plea of guilty to the charge of possession of heroin. The trial court sentenced him to serve five years at hard labor without benefit of probation or suspension of sentence. At the sentencing hearing, immediately following the imposition of the sentence, defendant attempted to withdraw his guilty plea. However, the trial court did not permit a withdrawal of the plea.
At the sentencing hearing the following exchange took place:
THE COURT:
The law saws you’re not eligible to receive a suspended sentence and be placed on probation because of your pri- or felony convictions. You have at least two prior felony convictions, both of them for simple robbery, one you claim is reduced from an armed robbery. The record here indicates the second one is also reduced from an armed robbery. You also have a convicted felon in possession of a firearm charge in Section “F.” That’s at least two prior felony convictions. The law says I cannot give you a suspended sentence or place you on probation for this charge. That’s not me, that’s the law. I’ve got to follow the rules, man.
As to Leroy Holmes, it shall be the sentence of the Court [that] he shall be ordered to serve five years [with the] Louisiana Department of Corrections—
THE DEFENDANT:
Your Honor^—
THE COURT:
—at hard—
THE DEFENDANT:
—your Honor — '
THE COURT:
Please, please.
THE DEFENDANT:
Can I take my plea back? I wasn’t gonna plead guilty to this if it was — it was understood that I’m supposed to get probation. That’s the reason I pled guilty. I would have never 13pled guilty *446 to this here, your Honor. This is what Mr. Meyers came to me and told me.
THE COURT:
Mr. Holmes, I can’t give you probation. I know this man has been doing this for a number of years—
THE DEFENDANT:
Yeah, but can I take my plea back, your Honor? Because this is not right. This is the only reason I took — this is the only reason I pled guilty because Mr. Meyers came to me and told me and told me-—
$ ;¡í #
MR. MEYER:
Just for the record, I told him he was gonna have a pre-sentence investigation. If he was gonna get probation—
# # í|í % :j; ‡
THE COURT:
I’ll let you and Mr. Meyer discuss this after. Right now I’m gonna sentence you- — -listen to the sentence and please go with the sheriff. You could get ten years for this. I don’t want to do anything. I want to give you the sentence I’m going to give you, five years. That’s the sentence, five years Louisiana Department of Corrections.
THE DEFENDANT:
I cannot take my plea back?
THE COURT:
Not right now.
In this instance, the trial court should have conducted an inquiry into defendant’s reasons for requesting withdraw of his guilty plea. It is clear from defendant’s spontaneous objection at the sentencing hearing that in making his guilty plea he had relied on a promise made by his lawyer. This is sufficient to support the withdrawal of defendant’s guilty plea.
RAccordingly, I would allow withdrawal of the guilty plea and remand to the trial court for a voluntary plea of guilty or trial.
For the foregoing reasons, I respectfully dissent.