GOTHARD, Judge.
Cedrick C. Robinson applied for post conviction relief from a conviction and sentence rendered on November 10, 1981 and affirmed on October 29, 1982. State v. Robinson, 421 So.2d 926 (La.1982).
After a hearing of the matter, the trial judge denied post conviction relief and the petitioner then filed a motion to “appeal” that decision. The court signed the order of appeal, pursuant to which the record was lodged as an appeal in this court.
We decline to consider the matter because this court is without jurisdiction for two reasons. First, there is no right to appeal a ruling on an application for post conviction relief, although the petitioner may ordinarily seek review of the court of appeal via a writ application. La.C.Cr.P. art. 930.6A. Secondly, under Louisiana Constitution article 5, section 10E, the Supreme Court has exclusive jurisdiction over post conviction writs challenging pre-July, 1982 convictions; therefore, this court would not have jurisdiction even if the application had been postured as a writ. As this matter would be properly filed in the Supreme Court, we convert the appeal to a *408 writ application and dispose of it as follows:
ORDER
WRIT GRANTED FOR PURPOSE OF TRANSFER
This court lacks the jurisdiction to determine the merits of this claim. LSA-Const. art. 5, sec. 10(E). As the matter would properly be filed in the Supreme Court.
IT IS ORDERED that this writ application be transferred to the Supreme Court for disposition.
ORDER TRANSFERRED TO SUPREME COURT.