LeBLANC, Judge.
Defendant, Timothy Hardesty, was charged by bill of information with simple burglary, in violation of LSA-R.S. 14:62. Initially, he pled not guilty. Thereafter, pursuant to a plea bargain agreement, defendant pled guilty as charged. In exchange for the guilty plea, it was agreed that the maximum sentence would be twelve years, regardless of whether or not the State filed a habitual offender bill of information. Thereafter, defendant received a sentence of twelve years at hard labor, with credit for time served. On appeal, defendant alleges two assignments of error, as follows:
1. The trial court erred in accepting the defendant’s guilty plea.
2. The trial court erred in imposing an excessive sentence and in failing to consider and apply the new sentencing guidelines.
Assignment of error number two was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
Because there was no trial, the record contains little factual information about the instant offense, other than the affidavit of probable cause and the factual basis recited by the prosecutor during the Boykin colloquy. At approximately 5:00 a.m. on July 19, 1992, Baton Rouge City Police officers responded to an alarm at Simpson’s Automotive on North Boulevard in Baton Rouge, Louisiana. Defendant was observed inside the building. The officers noted that the burglar bars had been removed and a window had been broken. When the officers entered the building, they found defendant hiding; and they noticed a garbage can full of cigarettes. The owner, Chet Simpson, informed the officers that defendant did not have permission to be inside the building or to remove the cigarettes.
ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant contends that the trial court erred in accepting his guilty plea. Specifically, he contends that the Boykin colloquy was inadequate because the trial court failed to advise him of the elements of the offense.
*757 A trial court may permit withdrawal of a guilty plea at any time before sentencing. La.C.Cr.P. art. 559 A. The trial court’s decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Hebert, 506 So.2d 868, 865 (La.App. 1st Cir.1987).
A guilty plea is a conviction and, therefore, is to be afforded a great measure of finality. State v. Thornton, 521 So.2d 598, 600 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (1988). Our review of the instant record indicates that there is no legal basis for the withdrawal of defendant’s guilty plea. Initially, we note that the record does not contain a motion for withdrawal of the plea. Furthermore, our review of the instant record indicates that the trial court conducted a satisfactory Boykin hearing. At the beginning of the hearing, the court explained that defendant was pleading guilty to simple burglary. The court specifically informed defendant of his right to a trial by a judge or by a jury, his right to confront and cross-examine his accusers, and his right against self-incrimination.
Defendant is correct in his assertion that the trial court did not explain the elements of simple burglary. However, the validity of a guilty plea does not depend upon whether or not the court specifically informed the defendant of every element of the offense. Rather, the defendant must establish that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he was pleading. State v. Fabre, 525 So.2d 1222, 1224 (La.App. 1st Cir.), writ denied, 532 So.2d 148 (1988). As reflected in the following excerpt from the Boykin colloquy (wherein the prosecutor recited the factual basis for the offense), defendant was. informed of the essential nature of the offense to which he pled guilty:
THE COURT: WOULD THE ASSISTANT DISTRICT ATTORNEY PLEASE STATE A FACTUAL BASIS FOR MR. HARDESTY’S PLEA?
PROSECUTOR: YES, YOUR HONOR. ON JULY 19, 1992, SOMETIME AROUND FIVE O’CLOCK IN THE MORNING, IN RESPONSE TO AN ALARM THE POLICE WERE DISPATCHED TO SIMPSON’S AUTOMOTIVE ON NORTH BOULEVARD. THEY RESPONDED. THEY FOUND THE BURGLARY (SIC) BARS OR THE METAL SCREEN PRIED OFF THE WINDOW. INSIDE THEY FOUND MR. HARDESTY HIDING. HE HAD LOADED UP A GARBAGE CAN FULL OF CIGARETTES FROM THE STORE. HE DID NOT HAVE PERMISSION TO BE INSIDE OR TO REMOVE THE CIGARETTES.
THE COURT: MR. HARDESTY, YOU’VE HEARD THE STATEMENT MADE BY THE DISTRICT ATTORNEY. ARE THOSE THE FACTS UPON WHICH YOUR PLEA OF GUILTY IS BASED?
DEFENDANT: YES, SIR. YES, SIR.
Considering the above, we find that defendant was advised of the essential nature of the charge against him.
During the guilty plea proceeding, when the trial court inquired about defendant’s education, defendant indicated that he had finished high school. He explained that he could write a few words, although he was not good at reading or spelling. Defendant also admitted an alcohol problem and indicated that he was taking medication prescribed by a psychiatrist. Nevertheless, the trial court established that defendant understood the proceedings and had not been forced, coerced, or promised anything in exchange for the guilty plea. The trial court concluded that defendant knowingly and voluntarily pled guilty. We agree. We note that defendant was fifty-one years old at the time he entered this guilty plea. Considering defendant’s lengthy criminal record (consisting of numerous arrests and at least five felony convictions), it is obvious that he is no stranger to the criminal justice system. Considering all of the above, we are convinced that defendant knowingly and voluntarily entered this guilty plea with a full understanding of the consequences.
This assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.