laGOTHARD, Judge.
On June 28, 1993, the Jefferson Parish District Attorney charged defendant, Kenneth Craft, by bill of information with distribution of cocaine under LSA-R.S. 40:967 A. The case was assigned district court ease number 93-3328. Defendant was arraigned on August 26, 1993, and pled not guilty. On October 20, 1993, defendant withdrew his former plea of not guilty. After being apprised of his rights, defendant pled guilty as *960 charged. Defendant also entered a plea of guilty to a separate cocaine distribution charge in district court case number 93-3776.[1]
UOn October 20, 1993, pursuant to a plea agreement, defendant was sentenced to serve five years at hard labor. The sentence was ordered to be served concurrently with the sentence issued in ease number 93-3776. The trial court also agreed to recommend that the sentence be served concurrently with defendant’s probationary sentence pending revocation in another court. The trial court further agreed to recommend defendant for the IMPACT Program administered by the Louisiana Department of Public Safety and Corrections pursuant to LSA-R.S. 15:674.4. Defendant was given credit for time served.
Two days later, on October 22,1993, defendant filed a pro se Motion to Withdraw Plea of Guilty in cases 93-3327[2] and 93-3328 on the ground that he did not fully understand the plea agreement at the time he entered his guilty plea. On the same day, defendant filed a Motion for Reconsideration of Sentence, arguing excessive sentence, and also filed a timely Motion for Appeal. On February 18, 1994, at a hearing where defendant was not present, nor represented by counsel, the trial court granted defendant’s Motion for Appeal and denied the other two motions in open court. In granting the Motion for Appeal, the trial court stated: “The motion for appeal is granted as post-conviction relief. Set it for April the 18th.” Apparently, the trial court felt that defendant’s appeal was not timely filed and would have to be considered as a motion for post-conviction relief. On April 18, 1994, after hearing testimony from defendant, the trial court again denied defendant’s motions. On appeal, defendant asserts that the trial court erred in denying defendant’s motion to withdraw his guilty pleas.
J4DISCUSSION
Defendant argues that he should be allowed to withdraw his guilty plea because it was based on a plea agreement that was not ultimately fulfilled. As noted above, the trial judge agreed as part of the plea bargain to recommend defendant for the IMPACT Program. The judge did make such a recommendation, and the defendant was admitted to the program. After several successful weeks in IMPACT, however, defendant was discharged from the program due to a medical problem. He was then transferred to the state prison at Winnfield to serve the remainder of his sentence. Defendant contends that because he was not allowed to continue with IMPACT, a portion of his plea bargain remains unsatisfied and he should therefore be allowed to withdraw his guilty plea.
Defendant did not make the foregoing argument in his Motion to Withdraw Plea of Guilty or his Motion for Reconsideration of Sentence filed on October 22, 1993. He did not raise the issue until the April 18, 1994 hearing, at which time the trial court was already divested of jurisdiction in defendant’s case. La.Code Crim.Proc. art. 916 provides:
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:
(1) Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 and 919.
(2) Correct an error or deficiency in the record.
15(3) Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.
(4) Take all action concerning bail permitted by Title VIII.
*961 (5) Receive assignments of error and add per curiam comments.
(6) Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.
(7) Impose the penalty provided by Article 844.
(8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.
When the trial court entered its ruling of February 18, 1994, granting defendant’s Motion for Appeal and denying his other motions, jurisdiction over defendant’s case vested in this Court. The trial court was therefore without jurisdiction to consider or rule on the Motion to Withdraw Guilty Plea presented by defendant at the April 18, 1994 hearing, and this Court may not properly consider that ruling as part of this appeal. See State v. Pemberton, 478 So.2d 1217 (La.1985). Further, pursuant to La.Code Crim. Proe. art. 924.1, the April 18, 1994 hearing cannot be considered relative to an application for post conviction relief because this appeal was then pending.[3]
It is well settled that when a defendant withdraws a plea of not guilty and enters a plea of guilty, he waives any nonjuris-dictional defects. State v. Cortina, 632 So.2d 335, 338 (La.App. 1 Cir.1993), citing State v. Crosby, 338 So.2d 584 (La.1976) and State v. Mellion, 439 So.2d 586, 590 (La.App. 1 Cir. 1983), writ | (¡denied, 443 So.2d 1118 (La.1984). Moreover, La.Code Crim.Proc. art. 881.2 A(2) provides: “The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.”[4]
As stated, defendant pled guilty to the two charges of distribution of cocaine under LSA-R.S. 40:967 A. During the colloquy with the trial judge prior to his guilty plea, defendant was told by the trial judge exactly what his sentence would be if he plead guilty:
Five years at hard labor on each count. The sentences to run concurrent with each other. I’ll recommend that you be enrolled in the Impact Program, and I’ll recommend that the sentence run concurrent with the sentence you’re on probation for, but that I do not have control over that. That’s to be determined by the last sentencing judge.
Even if defendant could properly appeal his sentence as being excessive or somehow infirm, by its own terms, defendant’s sentence is not excessive. The minimum statutorily-allowed sentence for the charges to which defendant pled guilty is the exact sentence which defendant received — five years. LSA-R.S. 40:967 B(l). Since defendant’s appeal was timely filed, however, we will address defendant’s argument in his Motion to Withdraw Plea of Guilty that he did not understand the plea bargain agreement.
WITHDRAWAL OF PLEA
It is well settled that a guilty plea is a conviction and, therefore, is to be afforded a great measure of finality. State v. Hardesty, 635 So.2d 755 (La.App. 7l Cir. 1994); State v. Thornton, 521 So.2d 598 (La.App. 1 Cir.1988), writ denied, 530 So.2d 85 (La.1988). Our review of the record in this matter indicates that there is no legal basis for the withdrawal of defendant’s guilty plea. We find that the trial court conducted a satisfactory Boykin hearing.
At the beginning of the hearing, the trial court inquired as to defendant’s age and education level. Defendant was thirty-eight years old and had completed the ninth grade. The trial court then read the statutory definition of distribution of cocaine. The trial court also advised defendant of his right to a trial by jury, the possibility of being found guilty of a lesser offense or being found not guilty at trial, defendant’s right to be presumed innocent until proven guilty beyond a reasonable doubt, the right to present and *962 confront witnesses, the right to testify at trial or to remain silent and not have that silence held against him, and the right to appeal a verdict of guilty that might be returned.
After each right was explained, defendant answered that he understood what it was and what he would be waiving if he plead guilty. Defendant also responded that he understood the sentence he would receive if he plead guilty. Defendant also signed a waiver of rights form indicating that he understood and knowingly waived his constitutional rights. Further, defendant was satisfied with the representation of his attorney and denied being forced, coerced or threatened by anyone into pleading guilty. At the end of the colloquy, the trial court concluded that defendant knowingly and voluntarily pled guilty. We agree. After a thorough review of the record, we find that defendant voluntarily entered this guilty plea with a full understanding of the consequences.
| gERRORS PATENT
La.Code Crim.Proc. art. 920 provides: “the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting the sequestration in a capital case, the verdict and the judgement or sentence. See, State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Further, where a defendant has entered a plea of guilty, the error patent review should include a determination of whether defendant was properly “Boykinized.” State v. Godejohn, 425 So.2d 750 (La.1983). As discussed supra, we have reviewed the guilty plea transcript and determined that defendant was properly “Boykin-ized.”
A further review of the record shows a discrepancy between the sentencing transcript and the Hard Labor Plea Sentencing Form. The trial judge stated that he would recommend that defendant’s sentence in the instant case run concurrently with the sentence which was the subject of a pending probation revocation. The commitment form, however, sets forth a sentence of “five (5) years to run concurrent with 93-3776 and his current probation sentence when revoked.” (emphasis ours). Because the probation revocation to which the trial court referred was before a different judge, the trial court could only recommend | ¡¡that the probation revocation sentence run concurrently with the sentence he issued. It is clear from the transcript that is what the trial court intended to do. Therefore, we hereby amend the commitment form to conform with the transcript by reading: “The Court sentenced the Defendant to imprisonment at Hard Labor for a term of five (5) years to run concurrent with 93-3776 and a recommendation that it also run concurrent with Defendant’s current probation sentence when revoked.” In all other respects, defendant’s conviction and sentence are hereby affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.

. No part of case number 93-3776 is before this Court on appeal.

. Although case number 93-3327 appears on defendant’s motions, a review of the Twenty-Fourth Judicial District Court record bearing that number reveals that it is not a case in which Kenneth Craft was a defendant.

. Art. 924.1 provides: “An application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending."

. See also State v. Laroux, 631 So.2d 730 (La.App. 3 Cir.1994), writ denied, 637 So.2d 498 (La.1994) and State v. Smith, 622 So.2d 1199 (La.App. 2 Cir.1993).