IzWICKER, Judge.
Defendant, Horatio Johnson, was charged by grand jury indictment with second degree murder, a violation of La.R.S. 14:30.1. He pled not guilty. Several months later, the trial court granted the state’s motion to amend the indictment regarding the date of the offense. Defendant was rearraigned and pled not guilty. After a trial, the jury found defendant guilty of the lesser and included offense of manslaughter. The trial court ordered a sentencing guidelines report. Defendant was sentenced to thirty-five years at hard labor, with credit for time served. Defendant filed a Motion to Reconsider Sentence. The trial court denied that motion. Defendant now appeals his sentence and requests an error patent review.
On November 13, 1994, the body of the victim, Keith Selders, was found in a school yard in St. John the Baptist Parish. The victim had died of a shotgun wound to the head. Consequently, during the homicide investigation, defendant gave four different taped statements, including a confession that he shot the victim. At trial, defendant testified that the victim came to his home and asked to buy crack cocaine. However, when defendant retrieved the drugs, the victim pulled out a gun, stole the cocaine and fled. Defendant testified that he armed himself with his shotgun and followed the victim to the school yard. Selders drew his gun as defendant approached; defendant fired his gun at the victim. Then defendant fled and threw his gun in the bushes near the area. Defendant further testified that he believed that his life was threatened and only fired after the victim had pointed his gun. Since defendant admitted that he shot the victim, the primary issue at trial was whether the homicide was justified.
On appeal the defendant assigns the following errors:
[gl. The sentence issued to the defendant was excessive, and
2. Errors patent.
Sentence
The defendant contends that the sentence imposed, which exceeded the sentencing guidelines recommendation, was clearly excessive. He further argues (1) that the trial court improperly considered, as an aggravating factor, that drugs were involved in this crime and (2) that the trial court did not give enough weight to mitigating factors.
The state contends that the sentence is not excessive, that the trial court properly considered, but rejected, the sentencing guidelines recommendations. It argues that the trial court’s enumeration of the aggravating and mitigating factors indicates that court considered the guidelines.
In State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237, 242 (La.1994), reh. denied, 93-0402 (La. 9/1/94), the Louisiana Supreme Court held that the “Guidelines are advisory in nature.” That Court stated:
There is no codal or statutory requirement for record justification by the trial judge of his decision to deviate from the Guidelines and impose a sentence other than that which is suggested by the Guidelines. The only mandatory aspects of the statutory scheme are contained in La.Code Cr.P. art. 894.1, which requires the trial judge to consider the Guidelines, and to state for the record the considerations taken into account and the factual basis for the sentence imposed. The requirements of La. Code Cr.P. art. 894.1 attach whether the trial judge chooses to adhere to or instead deviate from the sentence recommended by the Guidelines.
Furthermore, because the Guidelines are not mandatory, where the trial judge adheres to the requirements of La.Code Cr.P. art. 894.1, and imposes a sentence within the statutory range, an appellate court is limited to a traditional review of the sentence for constitutional excessiveness, regardless of whether the trial court *848 imposed sentence pursuant to the Guidelines or outside of the range called for by the Guidelines.
In this case, the sentencing guidelines report recommended a sentence of sixty to ninety (60-90) months, or five (5) to seven and one-half (7½) years for the typical case, |3an offense committed without aggravating or mitigating circumstances. LAC 22:IX, Chapter 2, Section 209A(1). Thus, the sentence of thirty-five (35) years was beyond the recommended sentencing range under the guidelines, but within the statutory range for the offense of manslaughter. La.R.S. 14:31.
Addressing the issue of excessive sentence prior to the enactment of the sentencing guidelines, this Court stated in State v. Selders, 520 So.2d 1227, 1229 (La.App. 5th Cir. 1988):
Under the provision of La. Const, of 1974, Article I, Section 20, a defendant is protected from the imposition of “cruel, excessive or unusual punishment.” Although a sentence is within statutory limits, it still may be excessive and is therefore subject to appellate review. State v. Accardo, 466 So.2d 549 (La.App. 5 Cir.1985), writ denied, 468 So.2d 1204 (La.1985). A sentence is excessive if “grossly out of proportion to the seriousness of the crime” or “is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
The choice of sentences within the statutory range lies within the discretion of the trial judge and his determination should not be set aside absent manifest abuse of that discretion. State v. Schexnayder, 472 So.2d 174 (La.App. 5 Cir.1985). However, each sentence must be individualized, mandating consideration of the underlying circumstances of the crime. State v. Cortez, 503 So.2d 76 (La.App. 5 Cir.1987). LSA C.CR.P. Art. 894.1 sets forth guidelines to be utilized by the trial judge in his consideration of an appropriate sentence. While the trial judge need not articulate each factor, the record should indicate that the trial court considered both the aggravating and mitigating factors of LSA C.CR.P. Art. 894.1. State v. Accardo, supra.
In this case, the defendant could have received a maximum sentence of forty (40) years. La.R.S. 14:31 B. The trial court provided oral reasons for its sentence and found that the recommended sentence should not be imposed because of two aggravating factors, the use of a dangerous weapon during the commission of the crime and the commission of the crime during activities involving “illegal distribution, sale or retrieval of drugs.” The judge also noted a mitigating factor, the defendant’s age (17 years at the time of the commission of the crime). The sentencing court also considered letters from ^defendant’s family and friends requesting leniency and from the victim’s family requesting the maximum sentence.
LAC Title 22:IX, Chapter 2, § 209(21) and (22) provide for the following factors that constitute aggravating circumstances:
21. The offender used a firearm or other dangerous weapon while committing or attempting to commit a controlled dangerous substance offense.
22. Any other relevant aggravating circumstances which distinguish the case from the typical case of the offense of conviction.
Since defendant shot the victim during an illegal drug transaction, factor (21) is present in this case. Nevertheless, even if factor (21) were not applicable, factor (22) is a broad provision which would encompass the illegal drug activity noted by the trial court. The trial court did not err in noting this aggravating factor.
In State v. Maxie, 594 So.2d 1072, 1075 (La.App. 3rd. Cir.1992), writ denied, 598 So.2d 372 (La.1992) the third circuit affirmed the trial court. The trial court sentenced defendant, a 22 year old first time offender, to the maximum term of imprisonment for manslaughter. Defendant had been charged with second degree murder. The Third Circuit noted that defendant shot the victim over an unreported theft of $600 of goods and that defendant easily could have avoided *849 the final confrontation with the victim, but armed himself and shot the victim four times.
In State v. Mitchell, 26,070 (La.App. 2nd Cir. 6/22/94), 639 So.2d 391, 394-395, writ denied, 94-1981 (La. 12/16/94), 648 So.2d 387, the defendant was charged with second degree murder, but was found guilty of manslaughter. The Second Circuit found that defendant’s sentence to thirty-eight (38) years at hard labor was not excessive, in light of the fact that the evidence supported the charge of second degree murder, which is punishable by a life sentence.
In State v. Clayton, 570 So.2d 519, 528 (La.App. 5th Cir.1990), this court found that defendant’s sentence, although in the higher range of imprisonment for manslaughter, _[¿was not excessive. In that opinion, this court noted that Clayton, a first time felony offender, was eligible for parole after serving one-third of her sentence and that the trial court may consider parole eligibility in particularizing a sentence.
In the instant case, there was evidence (defendant’s own confession) that he had planned to kill the victim because the victim owed him money for illegal drugs. Additionally, in one of his statements, defendant admitted hiding the gun when he planned to kill the victim. Thus, there was evidence to support the charged offense that carried the greater sentence of life imprisonment. Therefore, the sentence of 35 years, although within the higher range of sentence that could have been imposed for manslaughter is not out of proportion to the seriousness of the crime. Nor is the sentence the needless imposition of pain and suffering.
The record indicates that the trial court only mentioned one mitigating factor, defendant’s age. However, it did refer to “some mitigating circumstances.” Thus, the record does not indicate that the trial court failed to consider any other factors that were applicable. Moreover, the choice of sentence is within the discretion of the sentencing judge. We find no abuse of that discretion.
Errors Patent
In this matter, we have noticed one error patent on the face of the record. The sentencing court failed to inform defendant of the prescriptive period for post-conviction relief as is mandated by La.Code Crim.P. art. 930.8 C. In addressing this type of error patent, we have remanded the matter to the trial court and ordered it to inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
Accordingly, the defendant’s conviction and sentence are affirmed, but the matter is remanded to the district court, which hereby is ordered to send written notice to the | (¡defendant of the provisions of La.Code Crim.P. art. 930.8 within ten days of the rendition of this opinion and to file in the record of these proceedings written proof that the defendant received the notice.
CONVICTION AND SENTENCE AFFIRMED, CASE REMANDED WITH ORDER.