IzEDWARDS, Judge.
Defendant Horatio Johnson appeals the trial judge’s denial of his application for post conviction relief. Because the denial of post conviction relief is not appealable, this appeal is dismissed.
Horatio Johnson was convicted of manslaughter on September 15, 1994. On October 19, 1994 the trial court sentenced him to thirty-five (35) years at hard labor. The defendant filed a motion to reconsider sentence on November 16, 1994, which was denied by the trial court. On July 25, 1995 this Court affirmed the manslaughter conviction and sentence in State v. Horatio Johnson, 95-210 (La.App. 5th Cir. 7/25/95), 659 So.2d 846.
On September 11,1997, the defendant filed an application for post-conviction relief, alleging an excessive sentence imposed by the trial court. On May 4, 1998, the trial judge denied the post conviction relief application with the following reasons:
hHoratio Johnson filed a Motion for Post-Conviction Relief, citing two grounds upon which to grant the requested relief. The first allegation cited by Petitioner is that his sentence is excessive for a first time offender, and that the court did not prop *56 erly consider the aggravating and mitigating circumstances involved in this crime. This matter was fully argued on appeal to the Louisiana Fifth Circuit Court of Appeals, which affirmed his conviction. Therefore, this court will not give this allegation any additional consideration.
The second allegation by the Petitioner is that it was improper for the jury to rely on the confession given by him which he later repudiated. This allegation does not fall within any of the six grounds upon which a petition for post conviction relief may be based. La C.Cr.P. art. 930.3. This claim has no merit.
Petition Denied.
On May 14, 1998, the defendant filed an untimely motion for appeal of the trial court’s denial of his application for post conviction relief.[1] The motion was granted wherein the defendant asserted that his appellate counsel was ineffective and that his sentence is excessive. He is now before this Court asserting that he is entitled to the relief sought in the aforementioned motion for appeal.
There is no right of appeal from a judgment denying post-conviction relief; the proper procedure for this claim is by application for supervisory writ. State v. Andry, 93-1037 (La.App. 5th Cir. 4/26/94), 636 So.2d 1084, 1086; see also State v. Robinson, 519 So.2d 407 (La.App. 5th Cir.1988). Article 930.6 of the Louisiana Criminal Code provides in pertinent part:
A. The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post conviction relief. No appeal lies from a judgment dismissing an application or otherwise denying relief.
Accordingly, the defendant’s remedy is to file a writ of review invoking Lthis Court’s supervisory jurisdiction. Previously, this Court has considered non-appealable matters incorrectly filed as appeals as applications for writs of review in the interest of judicial economy. However, by the En Banc Order issued December 9, 1994 and effective January 1, 1995, this Court recognized that such actions were contrary to the jurisdictional grant and discontinued the procedure. Pursuant to the Order, the Court dismissed improperly filed appeals in State v. Robinson, 97-686 (La.App. 5th Cir. 1/14/98), 707 So.2d 81, 82 and State v. Polkey, 95-564 (La.App. 5th Cir. 1/17/96), 669 So.2d 2, 3. The instant appeal is likewise subject to dismissal pursuant to the En Banc Order for lack of appellate jurisdiction.
Article 930.3 of the Louisiana Code of Criminal Procedure, which sets out the exclusive grounds for granting post-eonvietion relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction. State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172; see also State v. Gibbs, 620 So.2d 296 (La.App. 3rd Cir.1993). The instant appeal asserts that the trial court imposed an excessive sentence on the defendant. This is not one of the exclusive grounds for relief enumerated in Article 930.3 and therefore the defendant’s claim for post conviction relief based on the excessiveness of his sentence is dismissed.
Article 914 of the Louisiana Code of Criminal Procedure provides that the legal delay for the filing of an appeal is five (5) days. This Court has previously noted in State v. Walker, 94-340 (La.App. 5th Cir. 10/25/94), 645 So.2d 766, 768, that even if the defendant had had a right to appeal in the case, he filed his motion after expiration of the legal delays for appeal set forth in Article 914. The instant appeal was filed on May 14, 1998, ten (10) days after the judgment [ -,was rendered by the'trial court. Therefore, the appeal is untimely and is dismissed.
In summary, there are three grounds upon which to dismiss this appeal. The first is that it was untimely filed. The second is that there is no basis for review of a claim of excessive sentence under Article 930.3. The third, final, and most convincing ground is that there is no right of appeal from a judgment denying post conviction relief under *57 Article 930.6. For the foregoing reasons, the appeal is dismissed.
DISMISSED.

. The motion for appeal is untimely because it was filed more than five days after the rendition of the judgment of May 4, 1998. La.Code Crim. Proc. art. 914 (West 1998).