STEPHEN J. WINDHORST, Judge.
|2On March 12, 2012, defendant, Willie S. Isaac, III, pled guilty to armed robbery with a knife in violation of LSA-R.S. 14:64. Defendant was sentenced to 18 years imprisonment at hard labor to be served without benefit of parole, probation, or suspension of sentence. This sentence was ordered to run concurrently with the sentence in case number 11-2888 as well as *1186 any and all other sentences that defendant may be serving.
On April 11, 2012, defendant filed a motion for reconsideration of his sentence and a motion to withdraw his plea of guilty. Also on this date, defendant filed a motion for appeal.[1] His appeal was granted on the following date. Thereafter, on May 7, 2012, defendant’s motion to reconsider sentence was | ¡¡denied.[2] Also, defendant’s motion to withdraw his plea of guilty was denied. Defense counsel’s oral request for an evidentiary hearing made that day (May 7, 2012) was likewise denied. Defendant’s appeal follows.
Because defendant pled guilty and did not proceed to trial, the following facts were taken from the bill of information: On or about August 16, 2011, defendant robbed Danielle Oddo while armed with a knife.
In his sole assignment of error, defendant contends that the trial court erred by failing to grant his oral motion for an evidentiary hearing that would have shown that he was prosecuted for the wrong charge. Defendant argues such an evidentiary hearing would enable him to show that he was prosecuted for the wrong charge since defendant and the alleged victim knew each other and conspired to commit a theft. He contends that the crime was staged and that the victim knew he would enter the store dressed like a woman and pretend to rob her. Therefore, defendant argues that there was no taking by use or force, which was a necessary element for an armed robbery charge.
The state responds that jurisdiction was vested with this court when the trial court granted defendant’s motion for appeal on April 12, 2012; therefore, the trial court had no jurisdiction to conduct a hearing on the motion to withdraw the guilty plea or to entertain the request for an evidentiary hearing made for the first time at the May 7, 2012 hearing. Furthermore, the state argues that there are no grounds to invalidate defendant’s guilty plea, noting that once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be -withdrawn by appeal or post-conviction relief.
Initially, defendant is arguing on appeal that he should have been granted an evi-dentiary hearing for the opportunity to show that he was prosecuted for the Dwrong charge of armed robbery, when the crime was actually a staged theft. His motion to withdraw his guilty plea did not make reference to such an evidentiary hearing, and only suggests that he be granted a hearing and after the hearing he be allowed to withdraw his guilty plea. The motion contends that defendant was advised to plead guilty by his attorney despite the fact that he told them he was innocent, and that he pled guilty because he was “scared.” The motion further contends that if defendant was allowed to withdraw his plea, he could present evidence that he did not take property by “force or intimidation” and that the alleged victim misrepresented crucial facts, causing defendant to be charged with armed robbery. Defendant was allowed a hearing on his motion to withdraw (as well as his motion for reconsideration of sentence) on May 7, 2012, during which he made his oral motion for an evidentiary hearing. *1187 Considering defendant’s oral motion for an evidentiary hearing, we find that the trial court lacked jurisdiction to entertain such a request after granting defendant’s motion for appeal on April 12, 2012.
LSA-C.Cr.P. art. 916 provides the following regarding divesting of jurisdiction:
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:
(1) Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per cu-riam comments in accordance with Articles 844 and 919.
(2) Correct an error or deficiency in the record.
(3) Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.
(4) Take all action concerning bail permitted by Title VIII.
(5) Furnish per curiam comments.
| s(6) Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.
(7) Impose the penalty provided by Article 844.
(8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.
Thus the trial court lacked jurisdiction to hear defendant’s motion to withdraw his guilty plea, because jurisdiction vested in the appellate court when the trial court granted defendant’s motion for appeal. See State v. Craft, 94-411, pp. 2-3 (La.App. 5 Cir. 12/14/94), 648 So.2d 958, 959-60.[3]
Defendant argues that LSA-C.Cr.P. art. 559 should apply in this case, even though the motion to reconsider sentence was filed a minute after the motion to withdraw the guilty plea. He contends that the sentence had not been finalized until the trial court denied the motion to reconsider the sentence.
Under LSA-C.Cr.P. art. 559(A), the trial court may permit a defendant to withdraw his guilty plea “at any time before sentence.” (Emphasis added). We find that this article simply says “before sentence” and does not provide that sentencing must be finalized. In the present case, defendant attempted to withdraw his guilty plea after sentencing. This court has recog *1188 nized that LSA-C.Cr.P. art. 559 does not apply to attempts to withdraw a guilty plea after sentencing. See State v. Stewart, 04-1231, p. 11 (La.App. 5 Cir. 4/26/05), 902 So.2d 440, 447, writ denied, 05-1584 (La.1/27/06), 922 So.2d 545.
^Nevertheless, despite the language of LSA-C.Cr.P. art. 559, which provides that a trial court may permit the withdrawal of a guilty plea at any time prior to sentencing, a trial court can properly vacate a guilty plea after sentence if it determines that the facts surrounding a guilty plea rendered it constitutionally deficient. State v. Otkins, 11-563, p. 9 (La.App. 5 Cir. 12/13/11), 81 So.3d 150, 155; State v. Hall, 26,006, 26,007, 637 So.2d 645, 646 (La.App. 2 Cir.1994), writ denied, 94-1373 (La.9/30/94), 642 So.2d 868.
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra. Even if a defendant has not filed a motion to withdraw his guilty plea, he is not prohibited from challenging a constitutionally infirm guilty plea either by means of appeal or post-conviction relief. Id.
Generally, a denial of a motion to withdraw a guilty plea will not be reversed on appeal if the record clearly shows the defendant was informed of his rights and the consequences of his plea, and that the plea was entered into voluntarily. State v. Kron, 07-1024, p. 5 (La.App. 5 Cir. 3/25/08), 983 So.2d 117, 120, writ denied, 08-0813 (La.10/24/08), 992 So.2d 1039. A mere change of heart or mind by the defendant as to whether he made a good bargain will not ordinarily support allowing the withdrawal of a bargained guilty plea. Id., 07-1024 at 6, 983 So.2d at 120. Without fraud, intimidation or incompetence of counsel, a guilty plea is not made less voluntary or informed by the considered advice of counsel. Id.
|7We find that, after reviewing the record in this case, there is no evidence to indicate that defendant’s guilty plea was constitutionally infirm. In fact, defense counsel even conceded at the May 7, 2012 hearing that this was “a constitutionally sound plea.” Counsel added that defendant “says all the right things in it, and therefore he shouldn’t be allowed to” [withdraw his plea]. Counsel believed, however, “the plea is just the tip of the iceberg of what goes on before you get to the plea” and therefore there was evidence to be heard in conjunction with defendant’s motion to withdraw his guilty plea which needed to be heard.
The record reflects that the trial judge told defendant at the beginning of the guilty plea colloquy to stop him with any questions. The record does not reflect that defendant questioned the judge during the colloquy. The judge questioned defendant about his age and learned that defendant had some college education. Defendant was advised that he was pleading guilty to an armed robbery that had occurred on August 16, 2011. Defendant confirmed this. Defendant was advised that for this crime he faced a sentence up to 99 years imprisonment at hard labor, but that he would be sentenced to 18 years imprisonment at hard labor. Defendant indicated that he understood this.
The trial court advised defendant of his right to a jury trial or trial by the court alone, the right to be presumed innocent *1189 until the District Attorney proved his guilt beyond a reasonable doubt, the right to force the District Attorney to call witnesses who under oath would have to testify against him at trial, and to have his attorney ask questions of each of those witnesses, the right to testify at trial if he chose to do so or remain silent if he chose not to testify and not have his silence held against him or considered as evidence of his guilt, the right to present witnesses to testify for him and/or present evidence or witnesses helpful or favorable to him, and the right to appeal any verdict of guilty that may be returned | Sagainst him at trial. Defendant indicated that he understood that by pleading guilty he was giving up these rights. As such, defendant was properly advised of his Boykin rights prior to entering his guilty plea.
In addition, defendant signed a waiver of rights form indicating that he understood his rights as well as the consequences of his guilty plea. The form reflects the crime to which defendant was pleading, the maximum 99-year sentence with the Department of Corrections that he faced, and the 18-year sentence with the Department of Corrections without benefit of parole, probation, or suspension of sentence that he would receive if his guilty plea was accepted. The form also included the Boy-kin rights which defendant was waiving by pleading guilty. Defendant’s initials are reflected next to each right in the form. Defendant indicated that he was satisfied with the way in which his attorney and the court handled his case and denied being forced, coerced, or threatened to plead guilty. Defendant signed the form and acknowledged during the colloquy that the form contained his signature. Defendant’s counsel also signed the form. The trial court accepted defendant’s plea as knowingly, intelligently, freely, and voluntarily made.
We find that defendant’s guilty plea was not constitutionally infirm. Defendant was informed of his rights and the consequences of his plea, and the plea was entered into voluntarily. Additionally, defendant was sentenced in conformity with the plea agreement. Defendant’s assignment of error lacks merit. We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find no errors patent in this case.
Defendant’s conviction and sentence are affirmed.
AFFIRMED

. It is noted that the motion to withdraw the guilty plea was filed at 3:01 p.m., the motion for reconsideration of sentence was filed at 3:02 p.m., and the motion for appeal was filed at 3:03 p.m.

. Even though defendant’s appeal had been granted, LSA-C.Cr.P. art. 916(3) allows the trial judge to take "appropriate action pursuant to a properly made or filed motion to reconsider sentence.”

. In Craft, the defendant filed a motion to withdraw his plea of guilty after he was sentenced. On the same date, the defendant filed a motion for reconsideration of sentence and a motion for appeal. Thereafter, the court granted the motion for appeal and denied the other two motions. This Court determined that when the trial court granted the defendant’s motion for appeal and denied the motions, jurisdiction over the defendant’s case vested in this Court and the trial court was without jurisdiction to consider or rule on the motion to withdraw the guilty plea presented by the defendant at the later hearing. This Court concluded that it could not properly consider the ruling as part of the appeal. Craft, 94-411 at 5, 648 So.2d at 961. However, this Court decided that since the defendant’s appeal was timely filed it would address the defendant’s argument in his motion to withdraw his guilty plea that he did not understand the plea bargain agreement. Craft, 94-411 at 6, 648 So.2d at 961. This Court went on to find that the trial court conducted a satisfactory Boykin hearing and the record did not show a legal basis for the withdrawal of the defendant’s guilty plea. This Court concluded that the defendant voluntarily entered his guilty plea with a full understanding of the consequences. Craft, 94-411 at 7, 648 So.2d at 961-62.