BROWN, Chief Judge.
| iDefendant, James Eldon Welsh, pled guilty to possession of methamphetamine, a violation of La. R.S. 40:967(C). He was sentenced to five years’ imprisonment at hard labor, with five years suspended, five years’ supervised probation, and a fine of $1,000 and costs to be paid in 12 equal installments. Thereafter, defendant brought a motion to withdraw his guilty plea. The trial court denied the motion, *3 finding that no manifest injustice existed which would justify allowing defendant to withdraw his guilty plea after sentencing. We affirm.

Facts

On September 18, 2014, James Eldon Welsh and his wife, Melissa Weaver, were stopped for a traffic offense. A search of the vehicle uncovered methamphetamine, marijuana and drug paraphernalia. Welsh and Weaver were charged with possession of methamphetamine. They were, also charged with misdemeanor possession of marijuana and possession of drug paraphernalia and were allowed to post bond. Welsh appeared for arraignment on November 19, 2014, and was appointed counsel, Caroline Hemphill. Weaver failed to appear, and a bench warrant was issued for her arrest. Hemphill began conducting discovery and met with Welsh to review his case. Trial was set for May 4, 2015. In February 2015, Weaver was arrested and additionally charged with felony bond jumping. On February 26, 2015, she was arraigned and appointed the same counsel as Welsh. While Welsh was out on bond, Weaver remained incarcerated.
On March 23, 2015, pursuant to a written plea agreement, Welsh pled guilty to the felony charge of possession of methamphetamine. The ^misdemeanor charges were dismissed. In accordance with his plea agreement, Welsh was immediately sentenced to five years’ imprisonment at hard labor, with five years suspended, five years’ supervised probation, and a fine of $1,000 and costs to be paid in 12 installments. All parties and the trial court agreed that Welsh’s supervised probation could be transferred to the appropriate Texas probation office because Welsh was a resident of Texas.
At the March 23, 2015, hearing, counsel for the state noted that Weaver’s case was “a companion case and they are a package deal.” Weaver pled guilty to simple possession of marijuana, with an agreed upon senténce of 90 days’ imprisonment in the parish jail, with credit for time served. As she had already been incarcerated for 45 days, Weaver was released on' that date. Weaver’s charges of'felony bond jumping, felony possession of methamphetamine, and possession of drug paraphernalia were dismissed.
Within a month of the guilty plea and sentence, on April 22, 20Í5, Welsh’s attorney filed a motion to withdraw the guilty plea, or alternatively a niotion to reconsider the sentence.
A hearing was set for' July 8, 2015. Welsh argued that he was under extreme emotional stress and pressure at the time of his guilty plea. He further argued that he did not appreciate the consequences of accepting the plea offer. At this time, Welsh had paid nothing on his fine and costs. In an oral statement to the court, Welsh stated that he accepted the plea offer because his wife remained incarcerated and he wished to secure her release. laHe also argued a defense to the underlying charges, explaining that he was a “dumpster diver” and that the box containing the methamphetamine had been re-; trieved from a dumpster.
After hearing arguments of counsel and a statement by Welsh, the trial court found that Welsh’s guilty plea was knowingly and voluntarily made, and that he had failed to urge any basis for withdrawal of the plea. The court also' held that the fact that Welsh was facing trial and wished to secure his wife’s release did not constitute “duress” or an improper inducement. Welsh’s motion to withdraw his -guilty plea was denied.[1]
This appeal followed.

*4
Discussion

Guilty Plea

On review, Welsh argues that he was induced into accepting the plea agreement in exchange for the assurance that his wife, who was also his co-defendant, would be immediately released from jail. He .asserts that his decision to accept the plea agreement was made in the heat of the moment, as his wife would remain incarcerated unless he accepted the agreement. He notes that the sentence imposed, although suspended, was the maximum sentence provided for the offense to which he pled guilty. Welsh maintains that his guilty plea was not voluntary because he was pressured by his impending trial and concern for his wife.
|4La. C. Cr. P. art. 559 provides, in part: (A) Upon motion of the defendant and after a. contradictory hearing, which may be waived by the state in writing, the court may permit a plea of guilty to be withdrawn at any time before sentence.
Despite the language of La. C. Cr. P. art. 559, which provides that a trial court may permit the withdrawal of a guilty plea at any time prior to sentencing, a trial court can properly vacate a guilty plea after'sentence if it determines that the facts surrounding a guilty plea rendered it constitutionally deficient. State v. Hall, 26,006, 26,007, 637 So.2d 645 (La.App.2d Cir.05/04/94), writ denied, 94-1373 (La.09/30/94), 642 So.2d 868; State v. Isaac, 12-593 (La.App. 5th Cir.01/16/13), 108 So.3d 1184. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be-withdrawn by appeal or post-conviction relief. State v. Isaac, supra
When a defendant seeks to withdraw a guilty plea and the record establishes that he was- informed of and waived his right to trial by jury, to confront his accusers and against self-incrimination, the burden shifts to the accused to prove that, despite this record, his guilty plea was involuntary. State v. Wooten, 49,710 (La.App.2d Cir.04/15/15), 164 So.3d 937; State v. Martin, 48,045 (La.App.2d Cir.05/15/13), 115 So.3d 750. Where a defendant’s misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there are generally no grounds for withdrawal of the plea; Id.; State v. Hall, supra. However, when ruling on a motion to withdraw a guilty plea, the district court can look beyond the Boyhmization and consider all relevant factors, |fisuch as the breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt, or the like. State v. Harris, 443,069 (La.App.2d Cir.03/19/08), 980 So.2d 174; State v. Burnett, 33,739 (La.App.2d Cir.10/04/00), 768 So.2d 783, writ denied, 00-3079 (La.11/02/01), 800 So.2d 864.
Welsh stated that he was 45 years old with a “Bachelor’s, equivalent, it was a technical school.” A review of the court’s Boykin colloquy reveals a thorough explanation, both oral and written, of Welsh’s constitutional rights, as well as an articulated, waiver of those rights in exchange for the dismissal of other charges and a suspended sentence. In addition to the written plea agreement, Welsh also signed a written notice of his constitutional rights which were waived by entering a plea of guilty. The trial court reviewed these rights with Welsh, and he clearly stated that he understood and wished to waive those rights. Hemphill stated that Welsh was competent and that they discussed the case at length.
*5 During the guilty plea hearing, Welsh told the court that he was a libertarian and had read and understood the written plea agreement. He said that he did not agree with the charge because he believed that he should be permitted to possess methamphetamine as part of- his “pursuit of happiness” as long as he did not harm anyone. Welsh stated that he was “going to plead guilty because [he] can’t contest any non-libertarians anything about anything.” He said that he-was “agreeable because it’s lesser of both evils no matter what.”
I (Welsh argues that his impending trial and the incarceration of his wife/co-defendant created, sufficient emotional stress and pressure to require that his guilty plea be withdrawn. All criminal defendants are facing trial at the time of a guilty plea. A pending trial date is insufficient, in the absence of any other factors, to render the plea involuntary. Welsh’s wife remained incarcerated pending her trial because she failed to appear at her arraignment, causing her to be charged with felony bond jumping. It should also be noted that Welsh did not contend that the methamphetamine was not his until the hearing on hi? motion to withdraw, making the improbable argument that the rrieth was already in the lunch box when he fished it out from a dumpster. At the time of his guilty plea, Welsh argued that the charges were not valid because use of methamphetamine should be legalized.
By pleading guilty, Welsh had two misdemeanor charges dropped. His sentence was suspended and he received five years’ probation. The benefit a defendant receives from a plea bargain is a relevant factor to determine whether the plea was knowingly and intelligently entered. State v. Hart, 50,295 (La.App.2d Cir.11/18/15), 183 So.3d 597.
The record as a whole reflects that Welsh’s plea was knowingly and voluntarily made. As such, the trial court properly held that Welsh failed to show any basis for the withdrawal of his guilty plea and denied his motion. Furthermore, Welsh was clearly informed by the trial court that, in pleading guilty, he , would not be entitled to review of the length or severity of his sentence.
|7 Defendant’s Right to Counsel
On review, Welsh argues that the record does not reflect that he received advice of unbiased counsel with regard to the plea agreement offered by the state. Welsh argues that because the methamphetamine was located in the glove compartment of the vehicle, either defendant could have alleged that it belonged to his or her spouse/co-defendant. He. asserts that the trial court should have made an inquiry into the joint representation and he should have been provided separate counsel from his wife/co-defendant prior to entering a guilty plea. Welsh further argues that his assertions at the hearing on his motion to withdraw his guilty plea established de fado proof of an incurable conflict of interest.
The right of a criminal defendant- to the assistance of counsel; during the proceedings against him is a cornerstone of our legal system. State v. Cisco, 01-2732 (La.12/03/03), 861 So.2d 118; State v. Franklin, 400 So.2d 616 (La.1981). To be more than just a hollow right, our law requires that assistance of counsel be effective. Id. at 620. As a general rule, therefore, Louisiana courts have held that an attorney laboring under an actual conflict of interest cannot render effective legal assistance to the defendant she is representing.- Id. The issue of conflicting loyalties usually arises in the con *6 text of joint representation. State v. Cisco, supra.
La. C. Cr. P. art. 517 provides, in part: (A) Whenever two or more defendants have been jointly charged in a single indictment or have moved to consolidate their indictments for a joint trial, and are represented by the same retained or appointed counsel or by retained or appointed counsel who are associated in the practice of law, the court shall inquire with respect to such joint representation and shall Radvise each defendant on the record of his right to separate representation.
The possibility of a conflict of interest is insufficient to impugn a criminal conviction. When an objection to multiple representation is made after trial, a defendant must establish that an actual conflict of interest adversely affected his lawyer’s performance. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). It is settled that requiring or permitting a single attorney to represent co-defendants, often referred to as joint representation, is not per se violative of constitutional guarantees of effective assistance of counsel. State v. Lemon, 29,587 (La.App.2d Cir.08/20/97), 698 So.2d 1057. In State v. Kahey, 436 So.2d 475, 485 (La.1983), the Louisiana Supreme Court defined an actual conflict of interest as follows, accepting the definition set forth in Zuck v. Alabama, 588 F.2d 436 (5th Cir.1979), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979):
If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interest of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to the other client.
The failure of the trial court to inquire into the joint representation on the record does not rise to the level of a denial of a constitutional right and is subject to a harmless error, review. State v. George, 12-0204 (La.App. 4th Cir.01/09/13), 108 So.3d 269, writ denied, 13-0317 (La.09/13/13/), 120 So.3d 279; State v. Miller, 00-0218 (La.App. 4th Cir.07/25/01), 792 So.2d 104, writ denied, 01-2420 (La.06/21/02), 818 So.2d 791. Therefore, the | (failure of the trial court to observe the technical requirements of La. C. Cr. P. art. 517 does not mandate an automatic reversal. A defendant still must prove that an actual conflict of interest existed and that prejudice resulted. Id.
In this case, both defendants, Welsh and Weaver, were represented by the same court-appointed attorney. Courts have recognized that a defense attorney is in the best position to determine when a conflict exists and, in this case, defense counsel raised no objection to the joint representation. See State v. Garcia, 09-1578 (La.11/16/12), 108 So.3d 1. The defense asserted by Welsh at the hearing on his motion to withdraw guilty plea, if asserted at trial, would not have conflicted with a defense offered by Weaver at her trial. As outlined above, Welsh and Weaver received significant benefits as a result of the plea agreements. As such, there has been no evidence presented that the interests of the two defendants conflicted or that a single appointed attorney could not adequately represent the interests of both.
The state concedes that the trial court should have addressed the potential conflict pursuant to La. C. Cr. P. art. 517, but that the error is subject to harmless error analysis. There has been no evidence presented, and the record does not show, that Welsh was prejudiced in any way by the joint representation or the failure of the court to address a potential conflict.

*7
Conclusion

The evidence presented by the state, as outlined above, shows that the trial court did not abuse its discretion'in the denial of the defendant’s |inmotion to withdraw guilty plea. Furthermore, the record does not reflect that the defendant was prejudiced by the representation of himself and his wife/co-defendant by the same appointed attorney. As such and for the above stated reasons, defendant’s conviction and sentence are affirmed.

. The record does not reflect that a ruling was made on Welsh’s alternative motion to recon *4 sider the sentence.