**STATE of Louisiana**

**v.**

**Nathan H. WILSON**

**NO. 2016–KA–246**

Court of Appeal of Louisiana, Fifth Circuit.

December 7, 2016

dian, but also subsequent public officials who obtain custody of a copy of the public record.

COUNSEL FOR PLAINTIFF/APPEL-LEE, STATE OF LOUISIANA, Paul D. Connick, Jr., Terry M. Boudreaux, Darren A. Allemand

COUNSEL FOR DEFENDANT/AP-PELLANT, NATHAN H. WILSON, Kevin V. Boshea

Panel composed of Susan M. Chehardy, Jude G. Gravois, and Stephen J. Windhorst

### WINDHORST, J.

|₁Defendant, Nathan H. Wilson, pled guilty under North Carolina v. Alford[1] to one count of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1, Case #02–2528, in the 24th Judicial District Court for the Parish of Jefferson on September 11, 2002. Defendant was sentenced to fifteen years imprisonment at hard labor to run concurrently with "Case #02–4244 and his Parole Time under Case #93–2078."[2] An appeal was not taken.

Ten years later, on June 14, 2012, defendant appeared before the trial court, for a hearing on his motion to correct illegal sentence, without counsel. The trial court granted defendant's motion and vacated defendant's sentences and resentenced defendant in both the instant case, case # 02–2528, and in case #02–4244. In the instant case, case # 02–2528, the trial court cited its authority to correct an illegal sentence pursuant to La. C.Cr.P. Art. 882 and resentenced defendant to 15 years at hard labor without the benefit of probation, parole or suspension sentence for violating La. R.S. 14:95.1.

Thereafter, defendant obtained an out-of-time appeal.[3] In this appeal, he argued that the sentence imposed on June 14,

1. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. On that same day in Case No. 02–4244, which is not on appeal, defendant entered a guilty plea under Alford to two counts of distribution of marijuana in violation of La. R.S. 40:966(A). Defendant also stipulated to a multiple offender bill which accused him of being a second felony offender.

3. On June 11, 2013, defendant, through counsel of record, filed an application for post-conviction relief (APCR) with the 24th Judicial District Court in case number 02–2528, arguing his new sentences were invalid because the trial court sentenced him without the benefit of counsel. Following the hearing on December 17, 2014, the trial court denied defendant's APCR, finding defendant failed to state a claim for post-conviction relief. Defendant then filed a writ application with this Court. On February 25, 2015, this Court granted the application, vacated the district court's December 17, 2014 ruling and remanded the matter to the trial court to consider the writ application as a motion for out-of-time appeal.

2012 was without presence of counsel, and therefore was illegal and without effect. This Court found that the trial court erred in resentencing defendant without counsel and remanded the case back to the trial court to resentence defendant with the benefit of counsel. State v. Wilson, 15–418 (La. App. 5 Cir. 11/19/15), 179 So.3d 903. On remand, on March 9, 2016, the trial court resentenced defendant to imprisonment at hard labor for fifteen years without the benefit of parole, probation, or suspension of sentence to run concurrently with case number 02–4244, his parole in case number 93–2078 and any other sentence he was serving.

Meanwhile, in addition to defendant's APCR claims in the abovementioned litigation, on December 11, 2014, defendant filed a motion to withdraw his guilty plea, arguing his plea was not free and voluntary in nature. The State opposed the motion, arguing that defendant's motion was in actuality an application for post-conviction relief, and was untimely. At defendant's resentencing on March 9, 2016, the trial court also denied his motion to withdraw his guilty plea. In oral reasons, the court stated that it was granting the State's procedural objections, because the motion was "ultimately an application for post-conviction relief."

Defendant filed a motion for appeal "concern[ing] only the denial of the Motion to Withdraw Guilty Plea on March 19, 2016." This second appeal followed. In this appeal, defendant alleges that the trial court erred in denying his motion to withdraw his guilty plea to one count of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 in case #02–2528, as his plea was not free and voluntary in nature. However, this ruling is not reviewable under our appellate jurisdiction.

■ The trial court may permit a defendant to withdraw his guilty plea at any time before sentence. La. C.Cr.P. Art. 559(A). This article, La. C.Cr.P. Art. 559, simply says "before sentence" and does not provide that sentencing must be finalized. State v. Isaac, 12–593 (La.App. 5 Cir. 1/16/13), 108 So.3d 1184, 1187. La. C.Cr.P. Art. 559 does not apply to attempts to withdraw a guilty plea after sentencing. State v. Stewart, 04–1231 (La.App. 5 Cir. 4/26/05), 902 So.2d 440, 447, writ denied, 05–1584 (La. 1/27/06), 922 So.2d 545. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05–658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. Even if a defendant has not filed a motion to withdraw his guilty plea, he is not prohibited from challenging a constitutionally infirm guilty plea either by means of appeal or post-conviction relief. Id.

■ Defendant did not appeal from his September 11, 2002 guilty plea. His first appeal only challenged the validity of his resentencing on June 14, 2012, without the benefit of counsel. At this point, defendant is unable to challenge his guilty plea by means of an appeal, as his conviction became final once thirty days elapsed from his guilty plea on September 11, 2002. Therefore, since he is barred from challenging his guilty plea through an appeal, his only means left to challenge his guilty plea is by means of post-conviction relief.

■ The Louisiana Supreme Court has recognized that courts should "look through the caption of the pleadings in order to ascertain their substance and to do substantial justice." State v. Sanders, 93–1 (La. 11/30/94), 648 So.2d 1272, 1284, cert. denied, 517 U.S. 1246, 116 S.Ct. 2504, 135 L.Ed.2d 194 (1996) (citing Smith v. Cajun Insulation, 392 So.2d 398 (La. 1980). A pleading's nature is determined by its substance and not its caption. State ex rel. Lay v. Cain, 96–1247 (La.App. 1 Cir.

2/14/97), 691 So.2d 135, 137. Thus, because defendant's motion was filed after his initial sentencing and after the delays for filing an appeal from that conviction had run, we find that the trial court properly considered defendant's motion to withdraw his guilty plea as an application for post-conviction relief.

There is no right of appeal from a judgment denying post-conviction relief. La. C.Cr.P. Arts. 912–912.1; State v. Trahan, 11–814 (La.App. 3 Cir. 8/31/11), 68 So.3d 1237 (unpublished). Instead, the proper procedure for such a claim is by application for supervisory writ. La. C.Cr.P. art. 912.1C; La. C.Cr.P. Art. 930.6; State v. Johnson, 98–650 (La.App. 5 Cir. 2/10/99), 729 So.2d 55, 56.

Because we have no appellate jurisdiction over the issues raised in this appeal, it is hereby dismissed.

However, pursuant to La. Const. Art. V, § 10, this Court has supervisory jurisdiction over cases which arise within its circuit. The defendant "has the right of judicial review by application to the court of appeal for a writ of review." La. C.Cr.P. art. 912.1C. Accordingly, we reserved defendant's right to file a proper application for supervisory writs, in compliance with U.R.C.A. Rule 4–3, within thirty days from the date of this decision. Further, we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ so defendant is not required to file a notice of intent nor obtain an order setting a return date pursuant to U.R.C.A. Rule 4–3.

APPEAL DISMISSED